<span>Hill v. Owen.</span>

*J. B. Niles*, for the defendant.

## Hill v. Owen.

The death of a horse whilst in the care of an innkeeper, to whom he had been delivered by a guest, is sufficient to charge the innkeeper with the loss, unless he can exculpate himself by showing due care on his part.

APPEAL from the *Greene* Circuit Court.                         *Tuesday, June 2.*

Dewey, J.—Case against an innkeeper for so carelessly managing a horse, placed in his keeping by a guest, that the animal came to his death.  Plea, not guilty.  Verdict for the plaintiff; motion for a new trial overruled, and judgment on the verdict.

The plaintiff having introduced testimony tending to prove that the horse was delivered to the defendant, as an innkeeper, apparently in a healthy condition, in the evening, and that he was found dead in the defendant's stable on the next morning,—the Court instructed the jury, that the de-

livery of the horse to the defendant, and the death of the animal before re-delivery to the guest, were *prima facie* evidence of negligence in the innkeeper, and that it was incumbent on the latter, to save himself from responsibility for the loss sustained by the plaintiff, to show that the horse had been properly attended to.

It is contended that this instruction is not justified by the law. In determining this point we are not called upon to decide, whether an innkeeper is under the same rigid liability for the loss of property committed to his care, that a common carrier is subjected to by a like event. On this subject, there is not an entire uniformity of opinion among legal writers. But that the loss of the property of a guest from a common tavern is *primâ facie* evidence of negligence on the part of its keeper, and, unexplained, sufficient to render him liable, we believe to be a doctrine with regard to which there is no doubt. Story on Bailm. 314.—*Burgess* v. *Clements*, 4 M. & S. 306. It is true, we have seen no case against an innkeeper, in which the loss complained of was caused by the death of an animal. But as this kind of loss, like that occasioned by the absence of property, must take place under circumstances which may or may not excuse the defendant, as the facts may be, we see no reason to distinguish between them in the application of the rules of evidence, making the loss in the latter event *prima facie* evidence of negligence, and in the former requiring the plaintiff to go further, and show the acts of neglect which produced the loss. The policy of the law has devolved upon innkeepers a severe liability, lest they may be tempted by motives of gain to collude with evil disposed persons, and afford facilities in purloining the property of their guests. This reason, we are aware, does not apply to the loss of property rendered useless by death; but as the tavern keeper has it more in his power to give to such an event the appearance of inevitable accident, by throwing around it delusive circumstances, than the owner of the property has to do away that appearance, we think there is sufficient reason why the death of an animal, while in his keeping, should be considered sufficient to charge him with the loss, unless he can exculpate himself by showing due care on his part.

The Circuit Court, in our opinion, committed no error in the charge given to the jury.

We have looked through the evidence and do not feel disposed to disturb the verdict.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*H. L. Livingston* and *C. P. Hester*, for the appellant.

*W. P. Bryant* and *A. Kinney*, for the appellee.