May Term,
1858.

LAIRD
v.
EICHOLD.

(;)

Friday,
May 28.

LAIRD *v.* EICHOLD and Another.

An innkeeper is only *prima facie* liable for loss or damage to goods of his guest, while in his possession; and he may exculpate himself by proof that the loss did not happen through any neglect or fault on his part, or that of his servants for whom he is responsible.

APPEAL from the *Carroll* Court of Common Pleas.

WORDEN, J.—This was an action by the appellees against the appellant, to recover damages for an injury done to a certain mare, placed by the appellees, as guests, in the custody of the appellant as an innkeeper.

The cause was tried by a jury, and there was a finding and judgment for the plaintiffs below. New trial refused, and exceptions taken.

On the trial, the Court gave the jury the following instruction, which was excepted to, viz.:

" *Laird*, as innkeeper, is liable to his guest for all injuries done to property delivered to him by his guest, while in his possession, if such injury resulted from any cause not the act of Providence, or the public enemies."

This charge is modified by another one, given by the Court, so as to exclude the idea of liability for a loss or injury growing out of the fault of the guest.

The charge, as thus qualified, assumes that an innkeeper is responsible for all injuries not caused by the act of Providence, the public enemies, or the fault of the guest, whether the injury result from the carelessness and negligence of the innkeeper, or happen notwithstanding he may have exercised the utmost care and diligence.

On the subject of the liability of innkeepers, the books are not free from discrepancies, and there is some conflict in the decisions. In 2 Kent's Com. 592, it is said that "they are held responsible to as strict and severe an extent as common carriers." In *Hill* v. *Owen*, 5 Blackf. 323, this point was left open, but it was determined in the case that the death of the horse, while in the possession of the innkeeper, was *prima facie* evidence of negligence on his part, sufficient to charge him, unless he could exculpate himself

by showing due care.   Although it is not decided, yet the implication is strong that such showing would exonerate him.

In *Thickstun* v. *Howard*, 8 Blackf. 535, the Court say that "innkeepers, as well as common carriers, are regarded as insurers of the goods of their guests, while in their keeping, and are bound to make restitution for any injury or loss, not occasioned by the act of *God*, the common enemy, or by the negligence or fault of the guest."

This statement of the law as to the liability of innkeepers, is certainly broad enough to cover the case of a loss or injury happening without the negligence or fault of the innkeeper.   But the question as to his liability under such circumstances, did not arise in the case, and was not involved in the decision; hence, what is said about such liability must be looked upon, not as the point decided, but as a general statement of the law as to the liability of innkeepers, without adverting to possible exceptions or qualifications.

The authorities all agree that an innkeeper is *prima facie* liable for any loss or injury to the goods of his guest, not occasioned by the act of Providence, the public enemies, or the fault of the guest; and the *prima facie* liability is based upon the presumption that the loss or injury arose from the negligence or fault of the innkeeper.   *Hill* v. *Owen, supra.*—Story on Bailm. § 472.

But there are *dicta* and decisions to the effect that an innkeeper is liable for any such damage or loss, although it happened without his default.   In *Washburn* v. *Jones*, 14 Barb. 193, it is said that the innkeeper "was bound to answer for all losses and damages happening, even without his fault, excepting such as were caused by inevitable accident, or the public enemy."   In *Mason* v. *Thompson*, 9 Pick. 280, the same doctrine is held.   It is there stated that "innkeepers, as well as common carriers, are regarded as insurers of the property committed to their care, and are bound to make restitution for any injury or loss not caused by the act of *God*, or the common enemy, or the default of the owner of the property."

In *Shaw* v. *Berry*, 31 Maine R. 478, and *Sibley* v. *Aldrich*, 33 N. H. R. 553, it is held that proof by the innkeeper that there was no negligence in himself, or his servants, is not sufficient for his immunity. This doctrine, however, we think is not in accordance with the weight of authority, nor are we satisfied entirely with the principle on which it rests.

The case of *Richmond* v. *Smith*, 15 Eng. Com. Law, 144, is quoted in some of the above cited cases, as sustaining the position that innkeepers are liable, notwithstanding they may have exercised proper care and diligence; but the case does not seem to sustain that position. Lord TENTERDEN, C. J., remarks that "the situation of the landlord was precisely analogous to that of a carrier." But BAILEY, J., says: "It appears to me that an innkeeper's liability *very closely resembles* that of a carrier. He is *prima facie* liable for any loss not occasioned by the act of *God*, or the king's enemies.

Judge STORY, in his work on Bailments (§ 472), states the law as follows:

"But innkeepers are not responsible to the same extent as common carriers. The loss of the goods of a guest, while at an inn, will be presumptive evidence of negligence on the part of the innkeeper, or of his domestics. But he may, if he can, repel this presumption, by showing that there has been no negligence whatever; or that the loss is attributable to the proper negligence of the guest himself; or that it has been occasioned by inevitable casualty, or by superior force."

And in § 482—" What circumstances will exonerate the innkeeper. By the common law, as laid down in *Calye's Case*, an innkeeper is not chargeable unless there is some default in him, or his servants, in the well and safe keeping and custody of his guest's goods and chattels within his common inn; but he is bound to keep them without any stealing or purloining. This doctrine, however, ought, perhaps, to be understood with this qualification—that the loss will be deemed *prima facie* evidence of negligence, and that the innkeeper cannot exonerate himself, but by posi-

tive proof that the loss was not by means of any person for whom he is responsible, or was not of such a nature as that he by law ought to be held responsible therefor."

The cases of *Dawson* v. *Chamney*, 48 Eng. Com. Law, 164; *Kisten* v. *Hildebrand*, 9 B. Mon. 72; *Metcalf* v. *Hess*, 14 Ill. R. 129; and *McDaniels* v. *Robinson*, 26 Verm. R. 316, fully establish the doctrine that an innkeeper is only *prima facie* liable for loss or damage to the goods of his guest, while in his possession, and that he may exculpate himself by proof that the loss did not happen through any neglect or fault on his part, or that of his servants, for whom he is responsible.

This, we think, is the correct doctrine, founded on principle, as well as authority.

Innkeepers, on grounds of public policy, are held to a strict accountability for the goods of their guests. The interests of the public, we think, are sufficiently subserved, by holding the innkeeper *prima facie* liable for the loss or injury of the goods of his guest; thus throwing the burthen of proof upon him, to show that the injury or loss happened without any default whatever on his part, and that he exercised the strictest care and diligence. And it is more in accordance with the principles of natural justice, to permit him to exonerate himself by making such proof, than to shut the door against him, and hold him responsible for an accident happening entirely without his default, and against which strict care and prudence would not guard.

The charge, in the unqualified terms in which it was given, we think was wrong, and the judgment should be reversed.

*Per Curiam.*— The judgment is reversed, with costs. Cause remanded for a new trial.

*H. P. Biddle* and *L. Chamberlain*, for the appellant.