## CHAPIN v. CLAPP and Others.

ABSTRACT OF RECORD.—The abstract required by the rules of this court is an abreviated statement of the pleadings, orders of court, verdict and judgment, and, when made part of the record by bill of exceptions, any motions made, the evidence and the instructions.

SAME.—This abstract need not be of the entire record, but only of so much as is necessary to present the errors assigned and relied on. Just what is necessary, in a variety of cases, stated by the court, is fully explained in the opinion.

APPEAL from the *Elkhart* Common Pleas.

GREGORY, C. J.—The transcript of the record contains three hundred and eighty pages. The errors assigned are 1. "That the court erred in overruling the motion of appellant for a new trial. 2. That the court erred in overruling the motion of the appellant for judgment in his favor, notwithstanding the verdict. 3. That the court erred in refusing to require the jury to make more specific answers to the 9th, 18th, 20th, 23d and 24th special interrogatories. 4. That the court erred in giving to the jury each of instructions numbered 1, 2, 3, 5, 6, 7, 9, 10 and 11, at the request of the appellees, and over the appellant's objections. 5. That the court erred in refusing to require the jury to answer the 14th, 15th, 19th, 20th and 21st interrog-

atories submitted by the appellant. 6. That the court erred in rendering judgment against the appellant."

The abstract is not sufficient to present any one of the errors assigned. All the errors complained of are embraced in the assignments numbered one and two. The other errors assigned, except the 6th, were errors of law occurring at the trial, which must have been embraced in the motion for a new trial, to be available to the appellant. There is no abstract whatever of the testimony; nor is it shown that the reasons for a new trial embraced any of the errors of law complained of. There is no abstract of the interrogatories put to the jury. There is a statement of some of the special findings, but not enough to say that the answers to the interrogatories, taken as a whole, are inconsistent with the general finding.

A good abstract of the record, under the rule, is an abreviated statement of the pleadings, entries made by the clerk in the order book, including the verdict and judgment, and, when made a part of the record by a bill of exceptions, the instructions of the court, the proofs and affidavits made in the progress of the cause. It is not, however, required by the rule that the abstract should be of the entire record, but only of so much thereof as is necessary to present the errors assigned and relied upon for the reversal of the judgment. The abreviation must be a clear statement of every material thing in the pleadings, proof, instructions, affidavits and entries in the order book, having a necessary and material bearing on the question presented and embraced in the error assigned and relied on. When the judgment is on demurrer to the complaint, or when a demurrer has been overruled thereto and the ruling excepted to, it is only necessary to abreviate the material allegations of the complaint, or so much thereof as is necessary to the correct understanding of the defect complained of, the demurrer, and the action of the court thereon. When the judgment has been rendered on a demurrer to an answer, or some paragraph thereof, or when a demurrer has been overruled, or

sustained, to some paragraph thereof, to which the opposite party has excepted, the abreviated statement must embrace the material allegations of the complaint, to which the answer demurred to was addressed, the material averments of such answer, the demurrer, and the action of the court thereon. When the judgment is on demurrer to a reply, or some paragraph thereof, or when a demurrer has been sustained, or overruled, to some paragraph thereof, to which the opposite party has excepted, then the abstract must embrace the material allegations of the previous pleadings, to which the reply demurred to relates, the material averments of such reply, the demurrer, and the action of the court thereon. When a motion in arrest of judgment has been sustained, or overruled, to which the opposite party has excepted, as that motion searches the record, and reaches any defect in the pleadings not cured by the verdict, or the statute of amendments, or waived by failing to demur, there must be an abreviated statement of the material allegations of the pleadings, the making of the motion, and the action of the court thereon. When the error relied on is the overruling of a motion for a new trial, for error of law occurring at the trial, in admitting or rejecting evidence, in instructing or refusing to instruct, the abstract must embrace so much of the pleadings as is necessary to show the materiality, or immateriality, of the evidence admitted or rejected, to which must be added, in case of instructions given or refused, an abreviated statement of so much of the testimony as shows the applicability, or inapplicability, of the instructions to the case made, the evidence admitted or refused, the instructions given or refused, embracing all given on the same subject, and, in either case, an abreviated statement of the motion for a new trial, including the reasons therefor, and the action of the court thereon. When the error complained of is the overruling or sustaining of a motion for a new trial, on the ground that the evidence does not sustain the verdict, the abstract must embrace the material averments of the pleadings forming the issues tried, and the

testimony, in narrative form, noting the conflict in the evidence, if any there be, the motion, and the action of the court thereon.

. Under the rule, the appeal must be dismissed. It is therefore considered by the court that the appeal in the above entitled cause be dismissed, at the costs of the appellant.

*W. G. George* and *J. Bradley*, for appellant.

*J. A. Liston, N. Eddy* and *J. S. Harvey*, for appellees.