## PETERSON *v.* HUTCHINSON.

NEW TRIAL.—*Evidence.*—In a suit for slander, in which there had been a
change of venue, the plaintiff was permitted, over the objection of the
defendant, to prove that the latter had said to the witness that "he wanted
to bring the case here on a change of venue, because he wanted H. (the
plaintiff) to have some trouble as well as him all."

*Held,* that this was an error of law, for which the defendant was entitled
to a new trial.

APPEAL from the Cass Circuit Court.

GREGORY, J.—Suit by appellee against appellant for slan-
der. The words charged are: "He stole my hogs;" "he
marked my hogs;" "he penned my hogs."

The defendant answered in three paragraphs. 1. Gen-
eral denial. 2. Statute of limitations. 3. That the plain-
tiff had marked and penned defendant's hogs, whereby the
former was induced to believe that the latter intended to
commit a larceny.

The plaintiff replied to the second and third paragraphs
by the general denial.

Trial by jury; verdict for the plaintiff for five hundred
dollars. Motion for a new trial overruled. The evidence
is made a part of the record by a bill of exceptions.

The plaintiff, on the trial, was permitted to prove, over
the objection of the defendant, that the latter told the wit-
ness "he wanted to bring the case here on a change of
venue, because he wanted Hutchinson to have some trouble
as well as him all."

The case was commenced in the Carroll Circuit Court,
and before the time of this conversation it was taken, by
change of venue, to the Cass Circuit Court. The conver-
sation was had in Cass county.

This ruling of the court was error. The law secured to
the defendant the right to a change of venue. Nothing
that was said about that change could have the effect of
increasing the damages; nor could it in any way show with

what mind the words charged were spoken. This was one of the grounds of the motion for a new trial. There are several other grounds for a new trial, but they become unimportant in view of the fact that the defendant is entitled to such new trial, and may not arise on a second trial. The question of variance can be obviated by an amendment of the complaint. The surprise set up as a cause for a new trial will not probably occur on another trial.

The only question before us is, did the court below err in overruling the defendant's motion for a new trial?

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*D. P. Baldwin*, for appellant.

*L. Chamberlain* and *J. C Applegate*, for appellee.