## THOMPSON *v.* WILSON.

DEPOSITION.—*Official Character of Officer Before Whom Taken.*—A deposition taken in another state to be used in evidence in this State is invalid and should be suppressed on motion, if taken before any other than an officer authorized by our laws to take depositions, whether the officer before whom it was taken was so authorized by the laws of such other state or not, and although the party making the motion had waived *dedimus* and certificate of the official character of the officer, and appeared at the taking and offered no objection then to the official character of the officer.

SAME.—Notice to take depositions in another state, "before some officer authorized to administer oaths." The party to whom notice was given waived *dedimus* and certificate of the official character of the officer before whom the depositions should be taken. The depositions were taken before one who certified that he was "a commissioner in chancery for the circuit court," &c. *Held*, on motion to suppress, that the depositions were void for want of authority in the officer who took them.

EVIDENCE.—*Presumption as to Improper Evidence.*—Where material evidence has been improperly admitted, it will be presumed that it influenced the verdict, unless the contrary clearly appear.

APPEAL from the Henry Common Pleas.

BUSKIRK, J.—This was an action brought in the court below, by the appellee, against the appellant and one John Bumbgardner, on a promissory note executed by Thompson and Bumbgardner. Bumbgardner was not served with process, and did not appear. The appellant appeared and denied, under oath, the execution of the note by him. There was a jury trial, resulting in a verdict for the appellee. A motion for a new trial was made and overruled, and exception taken.

The appellant, at the proper time, moved the court to suppress the depositions of Henry C. Potest, A. L. Wilson, and G. F. Miller, because the same were not taken by and before any officer authorized by the laws of Indiana to take depositions; which motion was overruled, and exception was taken. The motion, ruling of the court, and exception, are shown by a bill of exceptions. The appellant objected to the admission of said depositions in evidence, on the trial of the cause, but the objection was overruled, and the depositions were read as evidence on the trial, to which appellant excepted. The refusal of the court to suppress the depositions, and their admission in evidence were assigned as reasons for a new trial. The evidence is in the record.

The only error that is insisted on and discussed by the appellant in this court, is the ruling of the court in overruling the motion to suppress the depositions, and all others will be regarded as waived.

The appellee insists that the appeal should be dismissed, because the appellant's abstract does not comply with rule ten of this court. There is nothing in the objection. The abstract contains a brief statement of the issues, the trial, and the motion for a new trial. It then copies the motion to suppress, the notice to take depositions, the acknowledgment of service, and the certificate of the officer taking them. This abstract is sufficient to present the error relied on, but not any other question in the case. In *Chapin* v. *Clapp*, 29 Ind. 611, GREGORY, J., defined what was a good abstract. In his very learned and elaborate definition, he says :

"It is not, however, required by the rule that the abstract should be of the entire record, but only of so much thereof as is necessary to present the errors assigned and relied upon for the reversal of the judgment."

The notice was to take the depositions at the office of T. B. Kline, Esq., at Cabell Court House, in the county of Cabell, and State of West Virginia, *before some officer authorized to take depositions.* The appellant entered on the notice an acknowledgment in these words : "We acknowledge service

of the above notice, and waive *dedimus* and certificate of official character of officer before whom said depositions are taken." The depositions were taken before Joseph S. Miller, who certifies that he was *a commissioner in chancery* for the circuit court of the county of Cabell, and State of West Virginia. Our statute provides, that "depositions of witnesses, taken within or without this State, may be taken * * * before any judge, justice of the peace, notary public, mayor or recorder of a city, clerk of a court of record or commissioner appointed by the court to take depositions." 2 G. &. H. 173.

This statute is in derogation of the common law, and its provisions must be substantially complied with. 1 Greenl. on Ev. sec. 323; *Bell* v. *Morrison*, 1 Pet. 351, The depositions were taken by and before an officer unauthorized by the laws of this State. The commissioner in chancery may have been authorized by the laws of West Virginia to take depositions, but we cannot take judicial notice of the laws of another state; and even if he was so authorized, it would not render the depositions valid, unless he was one of the officers authorized by our laws. The depositions were void for the want of authority in the officer who took them. But it is claimed that the acknowledgment of service waived the official character of the officer. We do not think so. It merely waived a certificate of his official character, and not that he should be an officer who was authorized to take depositions. If the depositions had been taken before some person who had no seal, it would have been necessary, in the absence of an agreement or a waiver like the one in this case, for some officer who had a seal to certify to the official character of the officer before whom the depositions had been taken, unless the name of the officer is put in the commission. The appellant waived this certificate and a commission, and nothing else.

It is also claimed that, as the appellant appeared at the taking of the depositions, and waived an objection to the official character of the officer, that he is now estopped from doing so. The only effect of his appearance without objection,

Thompson *v.* Wilson.

was to waive the sufficiency of the notice as to time. *The President, &c.,* v. *Wadleigh,* 7 Blackf. 102.

The court erred in overruling the motion to suppress the depositions, and in permitting them to be read in evidence on the trial of the cause. But the appellee has earnestly insisted that we should not reverse the case for such erroneous ruling, for the reason that if the depositions had not been read in evidence, the jury would have found the same verdict they did. In other words, that the other evidence in the record was sufficient to justify the verdict. We have examined the evidence in the record, and while we might not reverse the case, if it came here upon the other evidence, excluding that contained in the depositions, we are not prepared to say that the evidence contained in said depositions did not influence the jury; it would be very dangerous for this court to undertake to determine what evidence did or did not influence the jury. It is enough for us to know that illegal evidence was admitted. The evidence of Mr. Potest was very important; and, among other things, he testified to admissions made by the appellant in reference to the note sued on, and as to payments made on such note by appellant. This court, in the case of *Morgan* v. *The State,* 31 Ind. 193, in speaking of the admission of illegal evidence, say, " This error having occurred, did it harm the appellant? The presumption is that it did; and unless it clearly appears that it did not, we must reverse the case." See *Peterson* v. *Hutchinson,* 30 Ind. 38; *The Bellefontaine R. W. Co.* v. *Hunter,* 33 Ind. 335. In *Belden* v. *Nicolay,* 4 E. D. Smith 14, the court say, " But when illegal evidence is, in fact, received, and the return states, in terms, that the finding of the court below is upon consideration of all the evidence given upon the subject, we are not at liberty to disregard the error. In such case it not only appears that the improper testimony may have influenced the court in its finding upon the facts, but that it did so." We think that it is quite clear that the appellant was entitled to a new trial, and that the court erred in refusing it.

VOL. XXXIV.—7

Judgment reversed; and cause remanded, with directions to the court below to grant a new trial, and for further proceedings not inconsistent with this opinion.

*J. H. Mellett* and *M. E. Forkner,* for appellant.

*J. B. Martindale, J. Brown,* and *R. L. Polk,* for appellee.