# IN GENERAL TERM, 1873.

## Lee Dessauer *v.* T. Baker, Appellant.

### Inn-keeper—*liability of.*

In an action to recover the value of a watch, and other articles of property lost while a guest at a hotel.

*Held:* That though an innkeeper may exonorate himself from liability for the loss of goods of his guests, by showing that the loss occurred without any fault or neglect of himself, or servants, or by negligent conduct of the plaintiff, he must, nevertheless, be held to answer, and is responsible for the conduct of another guest placed in a room already occupied, without the consent of the occupant, and recovery may be had for the value of property so lost.

*Ray & Tarkington*, for appellant.
*Leathers*, for appellee.

Perkins, J.—Suit by a guest against an inn-keeper, upon his common law liability as such.

Judgment at Special Term against the defendant.

The case is this: On the third of February, 1873, between the hours of 7 and 8 o'clock p. m., Dessauer, the plaintiff, stopped at the Mason House, a hotel in Indianapolis, kept by the defendant, Baker, registered his name; and asked for a room by himself. The clerk responded that no such room could be furnished him, but that he could have a bed in room No. 59, a room in which there were three beds, one of which was already taken by a Mr. Underwood, and that no other person except Underwood, and himself should be put into the

room that night.    Thereupon the plaintiff consented to, and did occupy a bed in room No. 59.   He went into the room about ten o'clock in the evening.    Mr. Underwood was then in the room.    On entering, the door was fastened by a bolt on the inside.    The plaintiff and Underwood retired, each to a separate bed.    A stove was in the middle of the room, with one of the beds on one side of it, one on the opposite side, and the third bed at the foot of the latter.    Underwood took the bed that stood alone upon one side of the room. The plaintiff took the one opposite, and the third, the vacant bed, stood at the foot of the one occupied by the plaintiff. On retiring, the plaintiff laid a part of his clothes on the vacant bed, and hung up a part near it.    His watch was in his vest pocket, and his pocket book, with a few dollars in money, and a one-thousand-mile railroad ticket, &c., in it, was in one of his pantaloon pockets.    About twelve o'clock, in the night, a stranger, without baggage, came to the hotel, registered by the name of Allen, paid for lodging and break-fast, and was sent by the clerk, under the guidance of a por-ter, to room 59.    Underwood arose, unbolted the door, let him in, and then re-bolted the door.    The plaintiff was not suffi-ciently awakened to become aware of the fact of Allen's entrance.    Allen, before going to bed, removed the plaintiff's clothes from the vacant bed to a chair.    About five o'clock in the morning Allen arose and disappeared from the hotel.

Underwood heard a noise in the room in the latter part of the night, but does not know who, or what caused it.    About two hours after the exit of Allen, Underwood, and the plain-tiff got up and, dressed.    Underwood had lost nothing.    The plaintiff's pockets had been relieved of his watch, money, ticket, &c.    The usual watch had been kept in the hotel during the night.    Nothing further as to the robbery is dis-closed.

On the above facts, did the Court at Special Term err in finding against the defendant? On the facts stated, no conclusion could be drawn other than that the loss occurred by the act of a servant or guest, probably a guest, at the inn.

In the 23 Vt., 177, (*Merritt* v. *Claghorn*) the Court by Judge Redfield, says:

" The host is, we apprehend, upon principles of reason and justice, always liable for any acts of his servants, or guests. He employs such servants as he chooses, and is bound to take every quiet, and orderly guest which offers, and if he takes others, even in good faith, it ought not to be at the risk of his other guests, who derive no profit and have no concern whatever in their being there. In holding an innkeeper liable to this extent, all opinions concur. It is here the discrepancy begins." And in *McDaniels* v. *Robinson*, 26 *Vt., p.* 316, the same Court, by the same learned judge, says :

" The inn-keeper is liable for goods stolen from any part of his house, unless he expressly limit his responsibility, and this is assented to by the guest. (*Richmond* v. *Smith*, 15 *Eng. Com. Law Rep.* 144). He is responsible for money belonging to his guests ; (*Kent* v. *Shuckard*, 22 *E. C. L. R.*, 388), and he is responsible for the acts of every one within his house, unless introduced by the guest, as all the cases agrees. (*Townsen* v. *The Havre de Grace Bank*, 6 *Harr. & Johnson*, 47)."

The case last quoted from is one of those cited in *Laird* v. *Eichold*, 10 *Ind.*, 212, as being in harmony with the views of the Court in that case. See *Huntington* v. *Drake*, 24 *Ind.*, 347. See, also, *Gile* v. *Libby*, 36 *Barb.*, (*N. Y.*) 70, a case more nearly like that at bar than any we have met with. It holds the absolute liability of the host for robberies, or larcenies committed by his servants, and guests upon guests. But it is not necessary, in this case, that we

should, and we do not decide, that the liability of the host extends that far. That he is *prima facie* liable, and can relieve himself only by showing that the loss did not happen through any default of himself, or his servants, in the absence of negligence on the part of the injured guest, there is no doubt.

In this case, we think the host, through his servants, was at fault, in this; that the guest robbed, was told that no person would be put into room 59, to occupy the third, the vacant bed therein. This assurance occasioned the plaintiff to be less careful in the disposition for the night of the articles of property placed in the pockets of his clothes, than he otherwise might have been, indeed, to deposit his clothes, with the articles in the pockets, upon that bed, so that when, without any notice, and while the plaintiff was asleep, a third person was given that bed, those articles were exposed to his observation, made a temptation to him, and easy of appropriation.

The defendant objected, on the trial at Special Term, to any evidence of this assurance, on the part of the clerk of the hotel, that no person should be put into the room to occupy the third bed. He claimed that it was a special contract, not set out, or relied upon in the pleadings by either party. But we think it was properly admissible, as accounting for the possible want of care on the part of the plaintiff in securing for the night the property he lost, and the fault, not to say bad faith of the defendant, by which that want of care was induced.

The issues in the cause involved the question of negligence in both parties.

The judgment at Special Term is affirmed.