———o———

## BAKER *v.* DESSAUER.

INNKEEPER.—*Pleading.*—*Evidence.*—In an action based upon the common law liability of an innkeeper, brought by a guest, to recover for money and a watch stolen from the guest while sleeping in his room, where the circumstances tended to show that the theft was committed by another guest who was admitted to the room without the knowledge of the plaintiff, and while the latter was sleeping, it was erroneous to admit evidence

Baker *v.* Dessauer.

in chief of an agreement between the plaintiff and the innkeeper's clerk that no one except A., then occupying the room, and the plaintiff would be admitted to said room during the night, such agreement not being stated in the complaint. It was also error to admit evidence of a like promise made to A. to which the plaintiff was not a party.

SAME.—*Liability of.*—An innkeeper is *prima facie* liable to a guest for loss or damage to the goods of the latter, but he may exculpate himself by proof that the loss did not happen through any neglect or fault on his part, or that of his servants, for whom he is responsible.

PRESUMPTION.—*Evidence.*—Where material evidence has been improperly admitted, it will be presumed that it influenced the finding, unless the contrary clearly appear.

From the Marion Superior Court.

*C. A. Ray* and *J. S. Tarkington,* for appellant.

*W. W. Leathers,* for appellee.

WORDEN, J.—Action by the appellee against the appellant, to recover on the common law liability of the defendant as an innkeeper, for the loss of the plaintiff's goods and money, stolen from him while at the defendant's inn as a traveller.

The defendant pleaded the general denial, and other paragraphs, alleging that the plaintiff's loss was occasioned by his own carelessness in not availing himself of the means provided for securing his room, and in not taking proper care of his goods while occupying a room with strangers.

Issue, trial by the court, finding and judgment for the plaintiff.

The case is before us on the evidence and questions of law arising upon the introduction of evidence.

It appears that before the arrival of the plaintiff at the defendant's inn, at least before he had determined to stay all night there, a gentleman of the name of Underwood had engaged room 59, a room with three beds in it. Before Underwood engaged the room, a gentleman, who is called in the record the president of the horticultural society, had been assigned to that room, and when Underwood engaged the room it was agreed between him and the defendant's clerk that no one else save the two should be placed in that room. Afterward, the man of horticulture found a bed elsewhere, and there-

fore did not occupy room 59. The plaintiff arrived at the hotel desirous of staying all night, and not being able to find accommodations elsewhere that suited him better, concluded to accept a bed in room 59, the clerk agreeing to put no one else in the room except the plaintiff and Underwood. Underwood had gone to bed when the plaintiff was shown up, and got up and unbolted the door and let him in. The plaintiff retired to bed. About twelve o'clock a man arrived at the hotel desiring to stay the residue of the night, who registered himself as of the name of Allen. He paid his bill for lodging and breakfast, and was sent to room 59 to lodge. Underwood got up again and unbolted the door to let him in. There was some parley between the porter and Underwood as to whether Allen should be admitted, but he was finally admitted and went to bed in the bed which was then unoccupied.

The plaintiff does not appear to have had anything to do with letting Allen in. He says he heard in the night "a kind of knocking at the door, but was drowsy, and went to sleep."

When the plaintiff went to bed he placed a part of his clothing on the bed which was afterward occupied by Allen, and the residue was hung up near by. In his pockets he had a watch and chain, and a pocket-book with a little money in it. When Allen went to bed, he removed from the bed the portion of the plaintiff's clothing which had been placed there, and placed it elsewhere. Allen got up in the morning about five o'clock, unbolted the door and left the room, having, as the evidence strongly tends to show, stolen the plaintiff's watch, chain, pocket-book, and contents. He probably escaped from the house about the same time, as he was not afterward seen about the premises. Neither the plaintiff nor Underwood was up at the time Allen got up and left. Underwood, however, was awake. Underwood heard some noise in the latter part of the night in the room, but upon looking around saw nothing wrong.

On the trial, the plaintiff, in making out his case, proved that the defendant's clerk said to the plaintiff that he would not put any one else in the room, and then the plaintiff con-

sented to take the room. The defendant objected to that part of the evidence showing that the clerk said he would not put any one else in the room, as incompetent, irrelevant, and as a distinct and separate agreement, not declared upon. The objection was overruled, and the defendant excepted.

The admission of the evidence was brought in review by the motion for a new trial. It seems to us that the objection to the evidence was well taken.

The strongest circumstance in the case, tending to make the defendant liable, was, that he put Allen into the room after agreeing with the plaintiff that he would put no one else there. But this ground of liability depended upon a special contract not stated in the complaint. The complaint counted upon the common law liability of innkeepers; and if that liability was to be increased by any special contract, the contract, clearly, should be alleged. The evidence might have been competent to rebut the defendant's answer, that the plaintiff's loss occurred through his own negligence in not taking proper care of his goods, etc. The plaintiff, on being assured that no one else would be put into the room, would probably be justified in taking less care of his property than if no such agreement had been made. But the evidence was not offered to rebut the defence. It was offered to make out the plaintiff's case, and before the defendant had offered any evidence. The evidence having been thus received, we cannot say that it was not an element that entered into the mind of the court in finding the defendant liable, without reference to the question as to the plaintiff's negligence. With this agreement left out, the plaintiff's case is much weakened.

There is some conflict in the cases as to the extent of the liability of innkeepers. In some it is held, that they are responsible to the same extent as common carriers. In note 5 to sec. 472, Story Bail., 8th ed., it is said, that " some American cases seem to hold, that the innkeeper may exonerate himself by positive proof that he was not in any way negligent," citing a number of cases, among which is that of *Laird* v. *Eichold*, 10 Ind. 212. That case decides, that although an

innkeeper is *prima facie* liable for the loss of the goods of his guest, yet that he may exonerate himself by showing that the loss happened without any fault on his part, and that he exercised the strictest care and diligence.

Under the law, as decided in the case above cited, from 10 Ind., we cannot say that the court would have found the defendant liable, had the objectionable evidence not been given as a part of the plaintiff's case.

Underwood testified as a witness and stated, amongst other things, that when he was assigned to number 59, the clerk told him that the president of the horticultural society had registered for that room, and that no one else would be put into it. The defendant objected to the statement that the clerk told him that no one else would be put into the room, as irrelevant and incompetent, but the objection was overruled, and the defendant excepted. The admission of this evidence was made one of the grounds of the motion for a new trial. This evidence was clearly irrelevant and incompetent. The arrangement between Underwood and the defendant could in no way affect the rights of the plaintiff and defendant as between themselves. What influence this evidence had upon the mind of the court, we cannot tell; but it may have been considered by the court to the defendant's injury.

Where material evidence has been improperly admitted, it will be presumed that it influenced the verdict or finding, unless the contrary clearly appear. *Thompson* v. *Wilson*, 34 Ind. 94.

For the error in the admission of the improper evidence, the judgment will have to be reversed.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.