Filed Sept. 18, 1891.

---

No. 241.

## BOWELL v. DE WALD ET AL.

INNKEEPER.—*Liability of.—No Statute Regulating.*—There is no statute in this State regulating the liability of innkeepers for loss of personal property sustained by their guests, and their liability is, therefore, governed by the common law.

SAME.—*Liability for Loss of Guest's Property.*—An innkeeper is *prima facie* liable for any loss or injury to the goods of his guest, not occasioned by the act of Providence, the public enemies, or the fault of the guest, and the *prima facie* liability is based upon the presumption that the loss or injury arose from the negligence or fault of the innkeeper, but an innkeeper, being thus *prima facie* liable, may exculpate himself by proof that the loss did not happen through any neglect .or fraud on his part, or that of his servants for whom he is responsible.

SAME.—*Negligence of Guest.—Pleading.*—In an action by a guest against an innkeeper for the loss of his goods, the complaint need not, therefore, allege carelessness on the part of the defendant, and that the plaintiff was without fault.

SAME.—*Negligence of Guest.— What is not.*—The failure of the guest to inform the innkeeper or his servant that his valise contains valuables does not constitute negligence.

EVIDENCE.—*Failure to State Grounds of Objection.—Appeal.*—Alleged error in the admission of evidence will not be considered upon appeal where no ground of objection was stated at the trial.

PRACTICE.—*Motion for Venire de Novo.*—A motion for a *venire de novo* should not be sustained where the special findings are not ambiguous, uncertain or contradictory, and contain facts within the issues sufficient to support the judgment.

From the Marshall Circuit Court.

*J. D. McLaren* and *E. C. Martindale*, for appellant.
*J. Morris* and *J. M. Barrett*, for appellees.

ROBINSON, J.—The appellees commenced this action against the appellant. The complaint is in one paragraph, and contained the allegations that the appellees composed the firm of George De Wald & Co., engaged in the wholesale dry goods business at Ft. Wayne, Indiana; that on the 29th day of August, 1889, and long prior thereto, the appellant was the keeper of a hotel or inn, known as the Ross House, in the city of Plymouth, in said county of Marshall; that on said 28th day of August, 1889, Frank A. Caswell, who was then the travelling agent and salesman of the appellees, arrived at said hotel in a carriage shortly before noon, and thereupon registered and became a guest of said hotel, getting his dinner there; that, upon his arrival as aforesaid, he was met at the door by a servant of said appellant, who took from him his travelling bag or satchel, which then contained two hundred and fifty-two dollars in gold and silver coin of the United States, which then belonged to and was the money of said appellees, the said Caswell having collected the same from their customers on account of money due from them to the appellees; that the appellant, through his said servant, placed said travelling bag or satchel, with the money aforesaid, in the baggage or coat room adjoining the office of said hotel, and kept possession of said travelling bag or satchel till about five o'clock of said day, when the said Caswell called for the same, and found that said travelling bag had been opened, and the said money taken or

stolen therefrom while in possession of the appellant, and in his hotel as aforesaid, and while he, the said Caswell, was a guest of said hotel; that by the carelessness and negligence of the appellant he suffered some one to enter the said baggage or coat room of said hotel, and to open said satchel, and steal and carry away said money of the appellees, who had demanded of the appellant the said sum of money or its equivalent, which appellant refused to turn over or pay. Wherefore appellees demanded judgment, etc.

The appellant demurred to the complaint for want of facts, which was overruled and exception taken. The appellant then answered by general denial.

The cause was submitted to the court for trial, and at the request of the appellees, made at the proper time, the court found the facts specially, and its conclusion of law thereon, and as a conclusion of law under the facts the finding was in favor of the appellees in the sum of two hundred and fifty-two dollars.

Thereupon the appellant filed a motion for a *venire de novo*, which was overruled and exception taken.

The appellant then filed a motion for a new trial, which was overruled, and exception taken; and then the appellant filed a motion in arrest of judgment, which was overruled, and exception taken. These several motions having been made and disposed of in the order stated, the court rendered judgment in favor of the appellee upon the special finding of facts and conclusions of law thereon. The evidence is in the record.

Under the assignment of errors it is alleged:

1st. The court erred in overruling the demurrer to the complaint.

2d. The court erred in its conclusions of law.

3d. The court erred in overruling appellant's motion for a *venire de novo*.

Vol. 2.—20

4th. The court erred in overruling appellant's motion for a new trial.

5th. The court erred in overruling appellant's motion in arrest of judgment.

Under the first error assigned, " That the court erred in overruling the demurrer to the complaint," the position is assumed by counsel for the appellant in argument, that the complaint is based upon the negligence of the appellant, and therefore was defective and insufficient, in failing to aver that the loss occurred without fault or negligence on the part of the appellees or their agent therein named.

There being no statute in this State regulating the liabilities of innkeepers for loss of personal property sustained by their guests while that relation exists, the liability of the appellant in this action, if any, must therefore be governed by the common law.

There is some conflict in the cases as to the extent of liabilities of innkeepers. In some it is held that they are responsible to the same extent as common carriers.

In note 5 to section 472, Story Bail. (8th ed.), it is said that some American cases seem to hold that the innkeeper may exonerate himself by positive proof that he was not in any way negligent, citing a number of cases, among which is that of *Laird* v. *Eichold,* 10 Ind. 212. That case decides that although an innkeeper is *prima facie* liable for the loss of the goods of his guest, yet that he may exonerate himself by showing that the loss happened without any fault on his part, and that he exercised the strictest care and diligence. *Baker* v. *Dessauer,* 49 Ind. 28.

It is said in 11 Am. and Eng. Encyc. of Law, p. 77, par. 51, "According to one line of cases, perhaps constituting a majority of the decisions, it is, as before explained, not necessary for the guest to prove negligence to support his action for the loss of his goods against the innkeeper; nor will proof by the innkeeper that he was guilty of no negligence be an excuse for him, unless he brings himself within those cases

excepted. But, according to a different line of cases, the *prima facie* liability of the innkeeper is based on the presumption of his fault or negligence, and that he may exonerate himself by positive proof that he was not in any way negligent.

" The general rule of diligence, on the part of innkeepers, is that of ' uncommon care,' as Lord Holt has it, or ' the extremest care,' as some of the books have it. But it has been laid down that public utility ' requires that innkeepers be held liable for all losses which might have been prevented by ordinary care.' "

The following cases, decided by the Supreme Court, have a direct bearing upon this question : *Hill* v. *Owen,* 5 Blackf. 323 ; *Thickstun* v. *Howard,* 8 Blackf. 535 ; *Laird* v. *Eichold, supra ; Baker* v. *Dessauer, supra.*

It seems clear that these cases, without conflict, declare the rule of law to be that an innkeeper is *prima facie* liable for any loss or injury to the goods of his guest, not occasioned by the act of Providence, the public enemies or the fault of the guest, and the *prima facie* liability is based upon the presumption that the loss or injury arose from the negligence or fault of the innkeeper, but that an innkeeper being thus *prima facie* liable may exculpate himself by proof that the loss did not happen through any neglect or fault on his part, or that of his servants for whom he is responsible. In *Laird* v. *Eichold, supra,* after stating the authorities, the court says : " This, we think, is the correct doctrine, founded on principle, as well as authority. Innkeepers, on grounds of public policy, are held to a strict accountability for the goods of their guests. The interests of the public, we think, are sufficiently subserved, by holding the innkeeper *prima facie* liable for the loss or injury of the goods of his guest; thus throwing the burthen of proof upon him, to show that the injury or loss happened without any default on his part, and that he exercised the strictest care and diligence. And it is more in accordance with the

principles of natural justice, to permit him to exonerate himself by making such proof, than to shut the door against him and hold him responsible for an accident happening entirely without his fault, and against which strict care and prudence would not guard."

In *Johnson* v. *Richardson*, 17 Ill. 302, the court says: " The general doctrine deducible from the authorities, ancient and modern, is, that keepers of public inns are bound well and safely to keep the property of the guests accompanying them at the inn ; and in case such property is lost or injured, the innkeeper can only absolve himself from liability by showing that the loss or injury occurred without any fault whatever on his part ; or, by the fault of the guest, his companions, or servants ; or, by superior force ; and the burden of proof to exonerate the innkeeper is upon him, for in the first instance the law will attribute the loss or injury to his default."

There are many other authorities in harmony with this doctrine but it is unnecessary to cite them.

It was not, therefore, necessary to allege in the complaint carelessness and negligence on the part of the appellant. The complaint was sufficient without this allegation under the implied and *prima facie* liability of the appellant, and such seems to have been the view of the court trying the cause.

It was not necessary, as claimed by the appellant, that the complaint should have alleged that the loss occurred without fault or negligence of the appellees, or their agent therein named, or to have contained words to that effect. The demurrer was correctly overruled.

We think facts which imputed fault or contributory negligence to appellees' agent, or that exonerated the appellant from liability, must have been specially pleaded, other than such issuable facts in the complaint as could be controverted under the general denial. On the trial of this cause, how-

ever, it seems all of the evidence in the defence was admitted without objection under the general denial.

The next error complained of is that the court erred in its conclusions of law.

The point is made that there is nothing in the special findings of the court imputing negligence to the appellant or his servants; that the finding on this point is a statement of the evidence, and not of fact.

The sixth finding of the court reads as follows : " That on said day said baggage-room was not secured by lock or otherwise, and it was open, and that said baggage-room had two exterior windows facing the rear yard. There was a rear door to the office of the hotel which was about six feet from the door of said baggage-room ; that, on the afternoon of the day said money was taken, said clerk, who was a boy sixteen years of age, was for a period of several hours the only person in charge of said office and baggage-room, and he was absent from said office and baggage-room several times during the course of the afternoon in question on the front porch of the hotel, at one time for at least twenty minutes, when he was the only person in charge of said office and baggage-room, and the said baggage-room could have been entered from the door of the rear of said office, when said clerk was on the front porch, without his being able to see the person so entering said baggage-room. Said defendant did not issue any check to said Caswell for his valise. The guests of said hotel were permitted at all times to enter said baggage-room, and on said day there were twenty guests at said hotel, and the travelling bags or valises of those who had such baggage were kept in said baggage-room. Defendant had no safe in his hotel office for keeping money or valuables of his guests, and the said Caswell did not inform said defendant of the contents of his valise."

Under the case of *Johnson* v. *Richardson,* *supra,* and *Coskery* v. *Nagle,* 30 Cent. Law Jour. 158, the failure of the

guest to inform the innkeeper or his servant that his valise contained valuables does not constitute negligence.

The sixth finding, taken in connection with the other findings, sustained the conclusions of law.

The motion for a *venire de novo* was correctly overruled. The special findings are not ambiguous, uncertain or contradictory ; they embraced all the issues in the case, and contain facts sufficient we think to sustain the judgment.

The first and second cause in the motion for a new trial is based upon the cause that the damages assessed were excessive and too large.

The evidence on this point is without conflict, and sustains the finding as to the amount of the judgment.

Another cause in the motion for a new trial, which is urged by the appellant, is the alleged error of the court in permitting William Beck, a witness on behalf of the appellees, to testify as to the amount of money turned over to the appellees by Mr. Caswell, their agent, who is shown by the record to have lost the money which resulted in the commencement of this action.    The record upon this evidence presents no question in this court.    There was no ground of objection stated to the court as to the admissibility of this evidence.

One other cause in the motion for a new trial is discussed by the appellant, which is as follows :    " That the court erred in the decision that the allegations in plaintiff's complaint, that the loss of the money was caused by the negligence of the defendant was surplusage, and in deciding that the plaintiff could, and should, recover on his complaint, as upon an implied contract that the defendant would return to Frank Caswell the property described in plaintiff's complaint, plaintiff having elected, by his complaint, to sue in *tort* for the negligence of, and not in *assumpsit* upon an implied contract that he would return the property described in the complaint to said Caswell."    We can not determine the theory upon which the court tried the case, except by the record itself, there being no questions presented by

exceptions as to any ruling by the court upon the complaint other than the exception to the ruling on the demurrer. In the expression of our views upon the ruling upon the demurrer, we have stated the opinion we entertain of the law of the case at bar. The court in the trial of the cause seems to have proceeded in accordance with our opinion of the law. We think, under the complaint, that the court proceeded correctly, as appears by the record, and under the special findings arrived at the correct conclusion of law.

One other question is discussed by the appellant, viz.: That the court erred in overruling the motion in arrest of judgment. The conclusion that we have reached in the case, as expressed in this opinion, sustains the ruling of the court on this motion.

We find no error in the record for which the case should be reversed.

The judgment is affirmed, with costs.

Filed Sept. 18, 1891.