DAVID TREICHLINGER, Plaintiff in Error, v. FRENCH LICK SPRINGS HOTEL COMPANY, Defendant in Error.

St. Louis Court of Appeals, February 6, 1917.

1. **INNKEEPERS: Liability for Loss by Fire: Indiana Statute: Con- struction.** An Act of the State of Indiana (Acts 1907, ch. 88), entitled "An Act defining and limiting the liability of hotels in respect to the effects of guests and providing for the disposal of unclaimed goods left in hotels," fixes in' section 1 (Burns' Ann. St. Ind. 1908, Sec. 7844) the liability of hotel proprietors for the loss of money, jewels and other valuables of a guest by theft. A subsequent sec- tion (Sec. 7845) declares that no hotel keeper shall be liable. for loss of wearing apparel, goods, or merchandise for any sum ex- ceeding the sum of $200, where it shall appear that such loss oc- curred without the fault or negligence of such hotel keeper, nor shall he be liable in any sum for the loss of any article belonging to such guests and not within the room assigned to him, unless it shall be specially ·entrusted to the care and custody of such hotel keeper. Under the common law of Indiana, innkeepers were not liable for losses resulting from accidental fires occurring without negligence. *Held,* that the latter section is intended to cover loss by theft, and not loss by fire.

2. ———: ———: **Loss Occurring in Another State: Laws Governing.** An action in this State against an innkeeper, for destruction of a guest's baggage by fire while in a hotel in another State, is governed by the laws of such other State.

3. ———: ———: **Common Law of Indiana.** Under the common law of Indiana, an innkeeper is not an insurer of a guest's goods, but

is prima facie liable for loss or damage thereto not occasioned by the act of God, the public enemy, or by the fault of the guest; and proof of the destruction of a guest's property by fire makes out only a prima facie case of liability on the part of the innkeeper, which may be rebutted by proof that the loss was not occasioned by his fault or neglect or that of his servants.

4. ——: ——: Common-law Rule: Weight of Authority. According to the weight of authority in this country, an innkeeper is not liable for the destruction of his guest's property by accidental fire occurring without his negligence or the negligence of his servants.

5. ——: ——: ——: Exculpation: Sufficiency of Evidence. In an action against an innkeeper for destruction of a guest's luggage by fire while in defendant's hotel in the State of Indiana, where defendant adduced evidence tending to show that he was not guilty of negligence, he was not bound to further show the origin of the fire, in order to exculpate himself.

Error to St. Louis City Circuit Court.—*Hon. Thomas C. Hennings,* Judge.

AFFIRMED.

*Stern & Haberman* for plaintiff in error.

(1) At common law an innkeeper is absolutely liable for loss of the guest's property. Metzler v. Terminal Hotel Co., 135 Mo. App. 410; Fay v. Specific Co., 93 Cal. 253; Hulett v. Swift, 33 N. Y. 571; Crapo v. Rockwell, 94 N. Y. S. 1122. (2) In some states the innkeeper is only prima facie liable, but even under this rule the burden is on him to prove exoneration, and in this case he failed to carry the burden. Bowere v. De Wald, 2 Ind. App. 303; Baker v. Dessauer, 49 Ind. 28; Laird v. Eichhold, 10 Ind. 212; Sasseen v. Clark, 37 Ga. 242; Johnson v. Richardson, 17 Ill. 302; Palace Hotel v. Medart (Ohio), 100 N. E. 317. (3) The Indiana statute combines both rules, making the inkeeper absolutely liable up to $200 and excusing him beyond this upon his meeting the burden of proving lack of negligence. Section 7845, Ind. Stat. 1908.

*John C. Vaughan* and *Perry McCart* for defendant in error.

(1) Under the common law of Indiana, the innkeeper is not liable for loss or destruction of his guests' goods if he exercised due care. Hill v. Owen, 5 Blackford 323; Thickstun v. Howard, 8 Blackford 534; Laird v. Eichold, 10 Ind. 212; Baker v. Dessauer, 49 Ind. 28; Bowell v. DeWald, 2 Ind. App. 303. (2) At common law innkeepers are not liable for the destruction of the guests' goods by accidental fire. Merritt v. Claghorn, 23 Vt. 177, 181; Vance v. Throckmorton, 5 Bush (Ky.), 41, 45, 46; Cutler v. Bonney, 30 Mich. 259; Johnson v. Chadbourn Co., 89 Minn. 310, 317; Weeks v. McNulty, 101 Tenn. 496, 499; 22 Cyc. 1081; Schouler on Bailments (3 Ed.), 297, 293. (3) Section 7845, Burns Ann. Stat. Ind. 1908, limits the common-law liability of innkeepers for thefts, and applies in no way to losses by fire. Burns Ann. Statutes of Ind. 1908, sections 7844, 7845, 7846 and 7847; 2 Cons. Laws of N. Y., pages 1851 and 1852, sections 200, 201, 202 and 203; Laws of Ind. 1907, page 11C.

ALLEN, J.—This action is prosecuted by plaintiff in his own behalf and as assignee of the claims of thirteen other persons, to recover for the loss of baggage and other personal property of plaintiff and his assignors occasioned by the destruction of defendant's hotel, or a portion thereof, by fire, on March 28, 1910, while plaintiff and his assignors were defendant's guests therein. The trial before the court and a jury resulted in a verdict and judgment for defendant, and plaintiff has brought the case here by writ of error.

The petition is in fourteen counts based upon the fourteen respective claims, and pleads a statute of Indiana pertaining to the liability of innkeepers in that State, viz., Section 7845 of Burns' Annotated Statutes of Indiana (1908), as follows:

"No hotel keeper shall be liable for loss of wearing apparel, goods or merchandise for any sum exceeding the sum of $200, where it shall appear that such loss occurred without the fault or negligence of such hotel

keeper, nor shall he be liable in any sum for the loss of any article belonging to such guest and not within the room assigned to him, unless the same shall be specially intrusted to the care and custody of such hotel keeper or his servants.''

The answer admits that plaintiff and his assignors were guests in defendant's hotel and that a portion of the hotel was destroyed by fire, as alleged; but denies the other allegations of the petition; and avers that the loss, if any, was not due to the fault or negligence of defendant or his agents or servants, alleging that defendant maintained a watchman and proper fire apparatus and exercised ''the strictest care and diligence to guard against and to extinguish fire.'' The answer further sets up that under the common law of Indiana an innkeeper is not liable for the loss of a guest's property occurring without fault or neglect of the innkeeper or his servants; and it is alleged that the section of the Indiana statute pleaded by plaintiff is a part of an act of the Legislature of Indiana enacted in 1907 entitled: ''An Act defining and limiting the liability of hotels in respect to the effects of guests and providing for the disposal of unclaimed goods left in hotels.'' And the answer pleads section 1 of said act, being section 7844 of Burns' Annotated Statutes of Indiana (1908), which pertains to the liability of hotel proprietors for the loss of ''money, jewels or other valuables'' of a guest by theft; and alleges that the remainder of said act applies to the sale of unclaimed goods.

The parties through their counsel stipulated that while plaintiff and his assignors were defendant's guests, as alleged, their property mentioned in the petition, while situated in their respective rooms in defendant's hotel, was destroyed by fire which destroyed a portion of defendant's hotel; the parties stipulating as to the reasonable value of the property mentioned in the respective counts of the petition. Of these fourteen items contained in the stipulation only three are in excess of $200.

At the trial plaintiff introduced this stipulation and rested. The record before us recites that "thereupon the defendant, to support the issues in its behalf, offered and introduced the evidence of various witnesses which tended to prove that on the 28th day of March, 1910, the hotel, described in the stipulation read in evidence by plaintiff, was completely destroyed by fire, but that on the date of the fire and prior thereto the defendant had exercised a very high degree of care in guarding the hotel premises against the danger of fire and had further exercised a high degree of care in providing facilities for extinguishing fire and had further exercised a high degree of care in using said appliances in endeavoring to extinguish said fire, and further offered evidence tending to show that the origin and cause of said fire was unknown."

Defendant further made due proof of the decisions of the Supreme Court of Indiana and of the Appellate Court of that State, respectively, in the cases of Laird v. Eichold, 10 Ind. 212, and Bowell v. De Wald, et al., 2 Ind. App. 303. And thereupon plaintiff offered in evidence the entire act of the Legislature of Indiana, of 1907, mentioned in defendant's answer, including what are sections 7844 and 7845 of Burns' Annotated Statutes, supra. Upon defendant's objection the act was excluded.

Plaintiff offered fourteen instructions, one covering each count of the petition. Eleven of these—which eleven were identical except as to amounts—covered the eleven counts in each of which the amount involved (according to the stipulation) did not exceed $200; and by each of these instructions it was sought to have the jury instructed to return a verdict for plaintiff on the count to which the instruction referred, for the amount stipulated to be the reasonable value of the property mentioned in that count. Plaintiff's remaining three instructions—also identical except as to amounts—covered the three counts of the petition each of which involved an amount (according to the stipulation) in excess of $200; and by each of these it was sought to have

the jury instructed to return a verdict for plaintiff on the count to which the instruction referred, for $200, provided the jury found that the loss occurred without fault or negligence on defendant's part, but if the jury found that the loss was occasioned by defendant's fault or negligence, or that defendant's fault or negligence contributed thereto, then to return a verdict for plaintiff for the full amount stipulated to be the reasonable value of the property mentioned in such count.

All of these instructions offered by plaintiff were refused.

Two instructions were given at defendant's request. One merely instructed the jury that defendant's liability was to be determined by the law of Indiana. The other told the jury that section 7845 of Burns' Annotated Statutes of Indiana, supra, "was not intended to and did not add to the liability of hotel-keepers for loss of personal property by accidental fire in Indiana;" and instructed the jury to disregard the provisions thereof.

Under the evidence and these instructions the jury resolved the issues in favor of defendant.

It is argued that section 7845, supra, was controlling on the question of defendant's liability, and that the court erred in excluding it from evidence, in refusing plaintiff's instruction predicated thereupon and in withdrawing it from the consideration of the jury by defendant's second instruction. Plaintiff's theory is that this statute applies to the loss of a guest's property by accidental fire, as well as by theft or otherwise, and operates to make the innkeeper absolutely liable for property of a guest in his room to the value of $200, while permitting him to avoid liability for any sum beyond this amount by an affirmative showing that the loss occurred without fault or negligence on his part or on the part of his servants.

The statute invoked does not appear to have been construed by the appellate tribunals of Indiana; but a consideration of the entire act in question, and the

state of the common law in Indiana prior to its passage, has convinced us that the statute does not, at any rate, apply to loss by "accidental fire," whatever change, if any, may have been wrought thereby. The statute does not seem to purport to create any new or additional liability not theretofore existing under the common law of Indiana; but be this as it may, it seems clear that it was not thereby intended to make an inkeeper absolutely liable—to the extent of $200—for a loss occasioned by accidental fire. Section 7844, supra, in terms applies to loss by theft. And while the word "theft" is not mentioned in the succeeding section, 7845, we think it apparent that in enacting this section as a part of the same act the lawmakers were dealing with losses of the last mentioned character. Furthermore, section 7845 relieves an innkeeper from liability for loss of property of a guest not within the room assigned to him, unless the same has been specially entrusted to the care and custody of the hotel keeper or his servants. From this we think it appears that loss by theft was intended to be covered, and not loss by fire as here. Plaintiff's learned counsel argue that there is a reason for this exemption where the loss is by fire as well as where it occurs through theft, in that in the event of fire the innkeeper and his servants may expect to find a guest's goods in his room when making an effort to save them from destruction. But in view of the difficulty ordinarily attendant upon rescuing goods from the various rooms of a hotel building, in case of fire, it does not seem reasonable to suppose that the Legislature would make the innkeeper's liability for loss by fire extend specially to goods in a guest's room. Other arguments advanced in this connection need not be discussed.

The case is one to be determined by the law of Indiana and not by that of this jurisdiction. And while there is a lack of harmony in the decisions of the courts of the various States as to the common-law liability of an innkeeper, under the law as declared by the decisions of the appellate courts of Indiana an innkeeper is not an insurer of a guest's goods but is prima-facie liable

for loss or damages thereto—not occasioned by an act of God, the public enemy, or caused by the fault of the guest; and he may exculpate himself by proof that the loss was not occasioned by his fault or neglect, or that of his servants. [See Laird v. Eichold, 10 Ind. 212; Baker v. Dessauer, 49 Ind. 29; Bowell v. DeWald, et al., 2 Ind. 303.]

We are referred to no Indiana case involving a loss by accidental fire, and have found none. But taking the common law of Indiana as we find it, we regard it as entirely clear that defendant was here no more than prima-facie liable, and that plaintiff's refused instructions were erroneous in that they proceeded upon the theory that defendant was absolutely liable to the extent of $200 under each count.

In this connection it may be further noted that according to the weight of authority in this country an innkeeper is not liable for the destruction of his guest's property by "accidental fire," occurring without negligence on the part of the innkeeper or his servants. [See Merritt v. Claghorn, 23 Vt. 177; Vance, etc., v. Throckmorton, et al., 5 Ky. 41; Cutler et al. v. Bonney, 30 Mich. 259; Johnson v. Chadbourn Finance Co., 89 Minn. 310; Weeks v. McNulty, 101 Tenn. 495, 48 S. W. 809.] It is true that what is said as to this in Hulett v. Swift, 33 N. Y. 571—which was unnecessary to a decision therein—is opposed to this view; but that case, decided by a divided court, has been much criticised. [See Cutler et al. v. Bonney, 30 Mich. 259; Johnson v. Chadbourn Finance Co., 89 Minn. 310; Schouler on Bailments (1897), section 293.]

It is argued that even under defendant's theory of the law applicable to the case, defendant failed to carry the burden resting upon it, and that a verdict should have been directed for plaintiff. This argument proceeds upon the theory that in order to exculpate itself it devolved upon defendant to show the origin of the fire which caused the loss. We cannot accede to this view. The evidence is that the cause of the fire was undiscovered and unknown. But defendant adduced

proof tending to show want of negligence on its part; tending in fact to show a very high degree of care to prevent fires and to extinguish them. This certainly sufficed to make it a question for the jury to say whether or not defendant had successfully carried the burden which the law cast upon it under the circumstances.

It follows that the judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.