DAVID P. METCALF, Appellant, v. DAVID HESS, Appellee.

APPEAL FROM ADAMS.

An innkeeper is *primâ facie* liable for the loss of goods sustained by a guest at his inn ; but he may absolve himself from such liability by showing affirmatively that the loss is not attributable to any fault or want of care by him or his servants.

In cases where the loss is occasioned by the death of an animal, the innkeeper may free himself from liability, by showing that the death was in no manner occasioned by any want of proper care and attention on his part.

THIS case was heard before O. C. SKINNER, Judge, and a jury, at the March term, 1852, of the Adams Circuit Court.

This was an action originally commenced before a justice of the peace, by Metcalf against Hess, for the value of a mare belonging to the former, and which got hung to death in the stable of the latter. Metcalf being at the time a .guest of Hess, and the mare being in the possession of Hess, as an innkeeper in the city of Quincy, in the State of Illinois.

Metcalf recovered a judgment before the justice, from which Hess took an appeal to the circuit court, where a judgment was rendered in his favor.

The proof on the part of Metcalf shows that Hess kept a common inn in Quincy, Illinois ; that Metcalf stayed at said inn as a guest of Hess the night of the 5th November, 1852, having arrived about dusk ; that he brought with him to said inn a mare, which he rode, and which was put into the stable belonging to said inn by the hostler, a servant of said Hess ; that, some time during the night, the mare got choked to death with the rope with which she was tied, by reason of being tied with too long a rope, or the stall in which she was tied not being deep enough ; that she was well when put into the stable, and after being found dead, showed no signs of having been sick the night or evening before, and that she was worth seventy dollars.

The proof on the part of Hess shows that the mare was tied in the usual manner ; that, shortly after she was put into the stable, she sweat very freely, and that something appeared to be the matter with her ; that, at eleven o'clock in the evening, nothing was the matter with her except she was still sweating some, though not so freely as before.

The court gave the following instruction : —

If the jury believe from the evidence, that the defendant was the keeper of a common inn, or tavern, and that the plaintiff

with the mare, stopped with him as such, that then the defendant is liable for the value of the mare, if they believe from the evidence, that the mare came to her death from the negligence or default of the defendant or his servants, or persons in his employment. But if they believe from the evidence, that the mare came to her death in the course of nature, from disease or inevitable accident, without any negligence or default in taking care or charge of the mare on the part of the defendant or his servants, the defendant is not liable.

The jury found a verdict for Hess, whereupon Metcalf moved to set the same aside, and for a new trial.

· WHEAT and GROVER, for appellant.

BROWNING, and BUSHNELL, and WARREN, and EDMONDS, for appellee.

TRUMBULL, J.   The evidence in this case, under the law as laid down to the jury, would have warranted a verdict either way; consequently, the court committed no error in its refusal to set aside the verdict as contrary to evidence; and the only questions in the case arise upon the instructions.

If innkeepers, like common carriers, assume the responsibility of insurers, and are liable for all losses, except such as happen from inevitable accident, without the intervention of man, or from public enemies, then the law was wrongly given to the jury; but if they are only *primâ facie* responsible for a loss occasioned by the death of an animal while in their possession, then the instructions given were substantially correct.

It is a harsh rule which makes a person in any case responsible for a loss which has occurred without any fault of his, and it can only be justified upon grounds of public policy, and in consideration of the numerous opportunities afforded by the nature of his business, for fraudulent combination and clandestine dealing, to the injury of the owner of the property.   The rule ought not to be extended beyond the reason in which it originated.   An innkeeper can have no motive to destroy the animal of his guest, and there is not the same reason for holding him responsible at all events for such a loss, as there would be a common carrier, or even an innkeeper for the loss of goods which had disappeared from his possession; because in the latter case, he may have converted the goods to his own use, while in the former, he could gain nothing by the death of the animal.   Accordingly, a distinction is made in the law books between the liability of innkeepers and common car-

riers, particularly for losses occasioned by the death of animals. Hill v. Owen, 5 Blackf. 323.

It is laid down in Calye's case, Coke's Rep. part 8, 33: "That the innholder shall not be charged, unless there be default in him or his servants, in the well and safe keeping and custody of their guest's goods and chattels within his common inn."

This is a leading case upon the liability of innkeepers, and, although there is apparently some conflict in the authorities, yet, Story in his Commentaries on Bailments, sect. 472, states the law on this subject as follows: "Innkeepers are not responsible to the same extent as common carriers. The loss of the goods of a guest while at an inn, will be presumptive evidence of negligence on the part of the innkeeper or of his domestics. But he may, if he can, repel this presumption, by showing that there has been no negligence whatsoever; or that the loss is attributable to the personal negligence of the guest himself; or that it has been occasioned by inevitable accident, or by superior force."

The cases of Burgess v. Clements, 4 M. & S. 306; and of Dawson v. Chamney, 5 Adolphus & Ellis, 165, fully sustain the law as laid down by Story.

The authorities all agree that an innkeeper is bound to look to the safe keeping of every person's goods who comes to his inn as a guest, and that in case of loss, negligence is to be imputed to him, unless it affirmatively appear, that the loss is not attributable to any fault or want of care by him or his servants.

In cases where the loss is occasioned by the death of an animal, the requirements of public policy are fully answered by holding the innkeeper *primâ facie* liable for the loss, leaving him to exonerate himself, if he can, by showing that the death was in no manner occasioned by a want of proper care and attention on his part.

In this case, the evidence was such as to warrant the jury in finding that the mare came to her death by disease, or from her own viciousness, without any fault on the part of the innkeeper in taking care of her; and under such circumstances, he ought not to be held liable, and such was, in substance, the law as given to the jury.

*Judgment affirmed.*