JOEL JOHNSON, Appellant, *v.* WILLIAM B. RICHARDSON *et al.*,
Appellees.

### APPEAL FROM SANGAMON.

In an action in *tort*, founded on a breach of duty, seeking the recovery of damages and not a specific thing, the non-joinder of any of the owners can only be taken advantage of by plea in abatement. If such plea is not interposed, the plaintiffs recover proportionately to their interests or damages, and the other joint owners may afterwards sue and recover their proportion of the whole damages.

Guests at an inn, although they know that an iron safe is provided for that purpose, are not bound to deposit their money therein or with the innkeeper.

Innkeepers are bound to protect the property of their guests, and in case of loss or injury to it, can only absolve themselves from liability by showing that they were not in fault. The burthen of proof is upon the innkeeper.

If the guest should unnecessarily expose his money to danger, or carry too large a sum with him, a different rule might prevail.

THE only questions raised upon this record are fully presented in the opinion of the court, and render any other statement of the case unnecessary.

A. LINCOLN, for Appellant.

S. T. LOGAN, for Appellees.

SKINNER, J. This was an action on the case by Richardson and Hopkins against Johnson. One Brush, who was a copartner of the plaintiffs below, having in his possession $434 of the partnership money, in company with one Thompson arrived by railroad late in the night at Springfield and put up at the hotel of the defendant.

Thompson, in the presence of Brush, deposited with the clerk of the hotel a package of $3000, which he was conveying for other persons, and the same was placed in an iron safe kept in the office of the hotel for such purposes.

After supper Brush and Thompson were put into one room to lodge, Brush having the $434 in his pocket and Thompson having some $300 in his pocket. They found a good lock on the door and locked it, leaving the key in the lock on the inside, and the room was apparently safe against entry by thieves. In the morning the door was found open and Brush's money stolen, but Thompson's was not.

No special notice was given as to the keeping of valuables, nor touching liability for their loss. The cause was tried by jury, a verdict found against the defendant for $286, and judgment was rendered thereon. The defendant asked for two instructions which the court refused to give, and upon these instructions the only questions of law involved in the case arise.

The first is based upon the supposition that the plaintiffs cannot maintain their action because of the non-joinder of Brush, who was joint owner with them of the money stolen. The action is in *tort* founded on a breach of duty devolved by the law upon the defendant by reason of his calling—a duty the law imposes on him towards all his guests from considerations of public policy and without regard to any implied contract of bailment.

The proper plaintiffs, in actions in form *ex delicto* for injuries to, loss, or destruction of property, are all the joint owners of such property ; but where the remedy adopted seeks the recovery of damages and not the specific thing, the non-joinder of one or more of the joint owners can only be taken advantage of to defeat the action by plea in abatement. If such plea be not interposed the plaintiffs may recover according to their proportionate interests in the property injured, or their proportion of the damages sustained by all ; and the other joint owners, not joined, may afterwards sue and recover their proportion of the whole damages. Therefore the non-joinder of Brush under the general issue could only be available to lessen the plaintiffs' damages ; and the damages actually recovered in this case was *these* plaintiffs' portion only of the whole money stolen. 1 Chitty's Pl. 76 ; 2 Saunders' Pl. and Ev. 536 ; *Edwards* v. *Hill*, 11 Ill. 22 ; *Hart* v. *Fitzgerald*, 2 Mass. 509 ; *Wheelwright* v. *Depyster*, 1 John. 471 ; *Brotherson* v. *Hodges*, 6 John. 108 ; *Bradish* v. *Schenck*, 8 John. 151.

The second instruction refused, assumes the law to be, that if the defendant kept an iron safe for the deposit and safe keeping of money of his guests, and Brush knew the fact, but chose himself to keep the money, the defendant as innkeeper is not liable for the loss.

The general doctrine deducible from the authorities, ancient and modern, is, that keepers of *public inns* are bound well and safely to keep the property of their guests accompanying them at the inn ; and in case such property is lost or injured the innkeeper can only absolve himself from liability by showing that the loss or injury occurred without any fault whatever on his part ; or, by the fault of the guest, his companions, or servants ;. or, by superior force ; and the burden of proof to exonerate the innkeeper is upon him, for in the first instance the law will attribute the loss or injury to his default.

These rules, though seemingly hard on innkeepers, are founded on considerations of public utility, and deemed essential to insure a high degree of security to travelers and strangers, who of necessity must trust to and confide in the honesty and vigilance of the innkeeper and those in his employ. 2 Kent. Com. 592 to 596 ; Jones on Bailments 95, 96 ; Story on Bailments 471, 472. Some of the cases hold innkeepers liable in regard to the property of the guest at the inn, to the same extent that common carriers are in reference to goods committed to them for transportation, that is, for all loss or injury not the result of *inevitable accident*.

But it is not necessary in this case to extend the doctrine relating to the liability of innkeepers, beyond the limit of uni-

Johnson *v.* Richardson et al.

versal recognition. *Richmond* v. *Smith,* 8 Barn. & Cress 9 ; *Bennett* v. *Miller,* 5 Dun. & East. 273 ; *Quinton* v. *Courtney,* 1 Haywood 40 ; *Towson* v. *The Havre de Grace Bank,* 6 Harris. & Johnson 47 ; *Mason* v. *Thompson,* 9 Pick. 280 ; *Shaw* v. *Berry,* 31 Maine 478 ; *Berkshire Woolen Company* v. *Proctor,* 7 Cush. 417 ; *Piper* v. *Mann,* 21 Wend. 282 ; *Nelson* v. *Axon,* 1 McCord 509; *Metcalf* v. *Hess,* 14 Ill. 129.

In this case the money is shown to have been stolen, and it being the duty of the innkeeper to keep honest and faithful servants, and to use every practicable guard against thieves, *prima facie,* the law holds him responsible for the loss, for, from the nature of the case the guest cannot be presumed to have the means of proving who is the guilty party, nor of establishing the fact of delinquency on the part of the innkeeper.

Every traveler must carry with him more or less money, and it would be unreasonable to limit him to a sufficient amount for immediate use. His journey may be long, and its exigencies may require a much larger sum than the amount in this case. Strangers are usually compelled to rely wholly on their money for living and transportation, and without money their condition would be such as none would willingly hazard.

To compel them to place their money in the custody of the innkeeper, his clerk, or servant, would create new perils in traveling, and place the guest at the mercy of the publican, honest or dishonest, and he would be likely to know nothing of the character of the person into whose keeping he might chance to fall.

If the traveler is compelled to give his money over for safe keeping on his arrival at a hotel, what proof could he be {expected to retain of the fact, or of the amount ? and how practically unavailing would be the remedies of the law in case of the dishonesty of those to whom the surrender must be made. Such a rule we think not only inconvenient, but unreasonable and impracticable.

We do not intimate an opinion that innkeepers are responsible in all cases of loss of their guests' property. The guest may unnecessarily expose his money to danger, or unnecessarily carry with him large sums, which no prudent man would do in a country where exchange can be readily obtained.

In this case, the sum was not unreasonably large to carry about the traveler's person, and we cannot hold that he was at fault in not depositing it with the innkeeper.

*Judgment affirmed.*