## HIRAM GOULD *et al.*

*v.*

## EMMA C. HENDRICKSON.

*Filed at Ottawa November 17, 1880.*

1. PURCHASER *pendente lite—holds subject to the decree.* A decree setting aside a conveyance of land as fraudulent as to creditors, is conclusive as to the character of the deed set aside against a purchaser from the grantee *pendente lite.*

2. EJECTMENT—*defendant in execution can not dispute purchaser's title.* The general rule is that a purchaser at a sheriff's sale comes into exactly such estate as the debtor had, and when the debtor is sued in ejectment by the purchaser under the execution to recover possession, he can not dispute the plaintiff's title. An exception to the rule is, that if, after the sale, the defendant in execution abandons the land, and afterwards returns to it, and is sued in ejectment, he may show an outstanding title, provided he shows that he has taken possession and holds under it, and the same rule applies to a purchaser holding under the defendant in execution.

3. Where one derives his claim of title and possession under a defendant in execution, whose deed to an intermediate party is set aside for fraud as against creditors, and the land is sold under the execution, such person so claiming under the defendant in execution will not be allowed to question the regularity and sufficiency of the title of the defendant in the execution.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. HALEY & O'DONNELL, for the appellants:

A plaintiff in ejectment must recover, if at all, upon the strength of his own title, and not upon the weakness of the defendant's title. *Marshall* v. *Barr,* 45 Ill. 106; *Stewart* v. *Dutton,* 39 id. 91; *Hazen* v. *Porter,* 45 id. 318.

As a general principle an outstanding title in a third person superior to that of the plaintiff is sufficient to defeat a recovery in ejectment, although the defendant may not be able to connect himself with such title. *Rupert et al.* v. *Mark,* 15 Ill. 540; *Masterson et al.* v. *Cheek et al.* 23 Ill. 72; *Balance* v. *Flood,* 52 Ill. 49.

Charles Gould was not a party to the judgment upon which the execution issued, under which this land was sold, nor was he a party to the decree setting aside the conveyance from the judgment debtor, nor was he a tenant of such party, or his grantee, at the time of the rendition of such judgment or decree, and therefore is not estopped from setting up an outstanding title.

Messrs. BARBER & RANDALL, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was ejectment in the Will circuit court. Judgment was for the plaintiff, and the record is brought here by the appeal of the defendant.

Appellee claimed by virtue of a sheriff's deed based on a judgment, execution, levy and sale, and also of a decree in chancery in aid thereof, declaring a prior conveyance of the property, by the defendant in execution, fraudulent and void as against the rights of the plaintiff in execution.

Appellant asserts that he claims under one Mason, but he admits that Mason was never in possession of the property, and he makes no proof that Mason ever had any title, nor does he even introduce a deed from him purporting to convey the property. He obtained a deed of conveyance and possession of the property from his grandfather, James Gould, while the bill in chancery, to declare the conveyance from the defendant in execution, Hiram Gould to said James Gould, fraudulent and void as against the rights of the plaintiff in execution, was pending. The possession that appellant obtained was that given by Hiram Gould, the defendant in execution, to appellant's grantor, James Gould, and it is that possession which is sought to be ousted by this suit. The pretended claim of title under Mason is a mere myth, having, so far as is disclosed by this record, nothing but naked assertion upon which to rest.

As a purchaser from James Gould, *pendente lite,* appellant is concluded by the decree as to the character of the conveyance from Hiram Gould to James Gould. *Jackson* v. *Warren,* 32 Ill. 331; *Dickson* v. *Todd,* 43 id. 504.

The question attempted to be raised in regard to the regularity and sufficiency of the conveyances constituting the chain of title under which the defendant in execution, Hiram Gould, was originally in possession, is not relevant. The general rule is that the purchaser at a sheriff's sale comes into exactly such estate as the debtor had; and when the debtor is sued in ejectment, by the purchaser under the execution, to recover possession, he can not dispute the plaintiff's title. *Ferguson* v. *Miles,* 3 Gilm. 358; *Hayes et al.* v. *Bernard,* 38 Ill. 297. An exception to the rule is that if, after sale, the defendant in execution abandons the land, and afterwards returns to it, and is sued in ejectment, he may show an outstanding title, provided he shows that he has taken possession and holds under it. *Hayes et al.* v. *Bernard, supra.* But there is nothing in this record to bring the case within such exception. The possession of appellee was, as before observed, obtained of James Gould, and it is not shown to have ever been abandoned, and a subsequent one, under a different claim of title, obtained.

The deed from Hiram Gould to James Gould having been found to be fraudulent, appellant was in possession under Hiram Gould, without title; and since Hiram Gould could not set up an outstanding title to defeat appellee, appellant being in under him is in no better situation to do so. *Jackson ex dem. Masten* v. *Bush,* 10 Johnson, 222; *Jackson* v. *Horton,* 4 id. 202; *Jackson* v. *Walker,* 7 Cowen, 636; *Sherry* v *Denn,* 8 Blackford, 552.

Perceiving no error in the record the judgment is affirmed.

*Judgment affirmed.*