Syllabus.

JOHN KEITH et al.

v.

ADA C. KEITH.

*Filed at Mt. Vernon September 29, 1882.*

| 104 | 397 |
| 127 | 316 |
| 127 | 503 |

| 104 | 397 |
| 135 | 526 |

| 104 | 397 |
| 45a | 617 |

| 104 | 397 |
| 156 | 74 |

| 104 | 397 |
| 162 | 172 |

| 104 | 397 |
| 65a. | 104 |
| 65a | 126 |

| 104 | 397 |
| 69a | 414 |

| 104 | 397 |
| 169 | 108 |

| 104 | 397 |
| 181 | 157 |

| 104 | 397 |
| 184 | 573 |

| 104 | 397 |
| 201 | ⁶527 |
| 103a | ⁵494 |

| 104 | 397 |
| 106a | ⁶447 |

| 104 | 397 |
| 111a | ⁶505 |

1. ATTACKING JUDICIAL PROCEEDINGS COLLATERALLY—*for mere error—annual allowance for alimony, without limit as to time.* A decree for alimony which directs the defendant to pay the complainant $100 per annum, without stating for what length of time this shall be done, is not for that reason void, when the court had jurisdiction of the parties and of the subject matter. It will be a good decree for the payment of $100 per annum until reversed on appeal or error. The objection that no limit is fixed for the duration of the obligation imposed, if good at all, is only so in a direct proceeding to reverse the decree.

2. SHERIFF'S DEED—*misrecital as to judgment or decree.* A misrecital of the judgment or decree and execution in a sheriff's deed, where they are so described that they may be fully identified, is not fatal to the validity of the deed. A reference to the decree as a judgment, may be regarded as a clerical error, when it can not mislead any one; and a recital in a sheriff's deed that the complainant recovered judgment for $175, and costs of suit, when in fact the decree was only for $100, to be paid quarterly, in advance, but there was due $175 on the decree when the execution issued, was *held* to constitute no valid objection to the deed as evidence.

3. EVIDENCE—*secondary evidence—preliminary proof as to loss of execution.* In an action of ejectment by the purchaser of land under execution sale, the affidavits of the plaintiff, and the clerk of the circuit court from which the execution was issued, are competent preliminary evidence of the existence and loss of the execution.

4. SAME—*sheriff's deed, as evidence of facts recited therein.* By the statute, a sheriff's deed, or certified copy thereof, is made *prima facie* evidence of the existence, the issuing and contents of the execution under which land has been sold.

5. POSSESSION—*whether of an entire tract.* The visible and exclusive appropriation and use of a part of a tract of land, claiming the whole under color of title, or a deed purporting to convey the whole, is in law the actual possession of the entire tract, except so far as adverse possession may exist.

6. SAME—*possession as evidence of title.* Prior possession of land alone is evidence of a fee, and although the lowest, until rebutted by a higher evidence it must prevail.

7. EJECTMENT—*by purchaser under execution against the defendant in execution—estoppel.* Whatever title a defendant in execution may have to land, passes to the purchaser under the execution, upon receiving a sheriff's deed on a valid sale; and in an action of ejectment by such purchaser against the defendant in execution to recover possession of the land, the latter will be estopped from disputing the title of the purchaser.

APPEAL from the Circuit Court of Jackson county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. W. J. ALLEN, and Mr. F. E. ALBRIGHT, for the appellants:

The decree under which the sale was made is void, for uncertainty. It required the defendant therein to pay complainant $100 as alimony, without stating for how many years, or whether for complainant's life.

To entitle the plaintiff in ejectment to recover on the sheriff's deed for the premises, it was necessary for her to prove a valid judgment, an execution issued thereon, a levy and sale, and a deed corresponding with the judgment. *Douglas et al. v. Whiting,* 28 Ill. 362; *Johnson v. Adleman,* 35 id. 267; *Kenney et al. v. Knœbel et al.* 47 id. 417; *Harmon v. Larned et al.* 58 id. 167; *Fischer v. Eslaman et al.* 68 id. 78.

The recitals in the sheriff's deed can not avail, as this is not a case where it is alleged and proven that the execution was lost or destroyed. It is probably true that a recital in a sheriff's deed of a certificate of sale, and the assignment thereof, is evidence of their existence, but such recital is not sufficient to establish the existence of a judgment or execution. *Carbine v. Morris,* 92 Ill. 555.

There is a fatal variance in the recitals in the deed, from the decree. The decree is for "the sum of $100 during each and every year, commencing on the first day of November, 1882, payable quarterly, in advance." The sheriff's deed shows the recovery of a judgment for the sum of $175, and costs of suit. *Johnson v. Baker,* 38 Ill. 98.

Mr. ANDREW D. DUFF, for the appellee:

The possession of the land by the defendant long before, and up to the time of, the decree and sale against him, gave him a *prima facie* title to the land.    *Herbert et al.* v. *Herbert,* Breese, 354; *Mason* v. *Park,* 3 Scam. 533; *Brooks* v. *Bruyn,* 18 Ill. 539; *Henrichsen* v. *Hodgen,* 67 id. 179.

Entry upon, and possession of, the improved portion of this land, under a deed purporting to convey the entire one hundred and twenty acres in fee, was possession of the whole tract.    *Hardisty* v. *Glenn,* 32 Ill. 72; *Bowman* v. *Wettig,* 39 id. 416.

By the sheriff's deed offered in evidence, the appellee acquired all the title of Bowen Keith to the premises.

Mere error will not render the decree a nullity.    *Sheldon* v. *Newton,* 3 Ohio St. 494; *Huls* v. *Bunton,* 47 Ill. 396; *Wimberly* v. *Hurst,* 33 id. 166; Freeman on Judgments, secs. 116, 124.

The affidavit was proper preliminary evidence for the court, to lay the foundation of secondary evidence.    2 Greenleaf on Evidence, sec. 17; *Taylor* v. *Riggs,* 1 Pet. 597.

Slight evidence that the paper existed, and a strong probability that it is lost or mislaid, is all the law requires.    *Kelsey* v. *Hanmer,* 18 Conn. 311; *Boulden* v. *Massie,* 7 Wheat. 122. Also see *Ross* v. *Hale,* 29 Ill. 104.

This certified copy of the execution docket fully proved the contents of the execution.    *Ellis* v. *Huff,* 29 Ill. 451.

By sec. 33, chap. 77, Revised Statutes, as soon as *prima facie* proof of the loss of the execution was made, the deed itself became evidence of the issuing, levy, etc., of the execution, as recited in the deed.

The recital in the sheriff's deed pursues the execution. The proof also shows that the execution was issued under this decree.    If this appears, the variance is immaterial. *Phillips* v. *Coffee,* 17 Ill. 157; *Loomis* v. *Riley,* 24 id. 307; *Hayes* v. *Bernard,* 38 id. 303.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is prosecuted to procure the reversal of a judgment of the circuit court of Jackson county, in an action of ejectment brought by appellee, against appellants.

Appellee claimed title by virtue of a sheriff's deed, made pursuant to a sheriff's sale on an execution issued upon a decree of the circuit court of Union county, in her favor, and against the appellant Bowen Keith, for alimony. Appellants urge several objections to this deed, which we shall notice briefly in their natural order.

*First*—It is contended the decree is void because it directs the payment of $100 per annum, but does not direct how long this shall be done. This, at most, could be but error. The court had jurisdiction of the parties and of the subject matter, and at all events this would be a good decree for the payment of $100 per annum until reversed on appeal or error. It would seem to be equivalent to a decree for the payment of the specified amount during the joint lives of the parties, but it is not necessary that we shall commit ourselves to this view, and we do not do so. It is sufficient the objection is not tenable in this collateral proceeding, and if good at all, is only so on appeal or error.

*Second*—Counsel contend that there is a variance between the decree in evidence and the recitals in the sheriff's deed—that the decree is of the October term, 1872, of the Union circuit court, for "the sum of $100 during each and every year, commencing on the 1st day of November, A. D. 1872, payable quarterly, in advance," while the sheriff's deed recites that "at the October term, A. D. 1872, of the circuit court in and for the county of Union, and State of Illinois, Ada C. Keith recovered a judgment against Bowen Keith for the sum of $175, and costs of suit," etc. We have held that this is a mere question of identity, and that a misrecital of the judgment and execution in a sheriff's deed, where they are so

described that they may be fully ·identified, is not fatal.
*Phillips et al.* v. *Coffee,* 17 Ill. 154; *Loomis* v. *Riley,* 24 id.
307; *Hayes et al.* v. *Bernard,* 38 id. 297,—see on page 303.
There seems here to have been no trouble in identifying the
decree with the recitals in the deed.   The word "judgment,"
instead of "decree," was purely a clerical error, and, under
all the circumstances, could have misled no one, and the
amount for which the execution was issued was the correct
amount then due on the decree.   The objection is not tenable.

*Third*—The most serious objection urged by counsel for
appellant is, there is no proof that an execution ever issued·
on the decree, and a sufficient basis for the introduction of
secondary evidence of the execution, which was allowed by
the court, was not laid.   We think the affidavits of appellee
and the clerk of the circuit court of Union county were com-
petent, and sufficient preliminary evidence to prove the loss
of the execution.   (Rev. Stat. 1874, page 845, sec. 28.)   And
sec. 33, chap. 77, Rev. Stat. 1874, page 626, is as follows:
"Any deed which has been heretofore, or which may here-
after be, so executed,"—*i. e.,* as previously in that chapter
is provided in relation to sheriff's deeds,—"or a certified copy
of the record thereof, shall be *prima facie* evidence that the
provisions of the law in relation to the sale of the property
for which it is or may be given, were complied with; and in
case of the loss or destruction of the record of the judgment
or decree, or of the execution or levy thereon, such deed or
certified copy of the record thereof shall be *prima facie* evi-
dence of the recovery and existence of the judgment or decree
and issuing and levy of the execution, as therein recited."
The existence of the judgment is clearly proven, and there is
nothing in the record to overcome the *prima facie* evidence of
the issuing and contents of the execution afforded by the
sheriff's deed.

*Fourth*—Counsel insist that as to the south-east quarter
of the south-east quarter of section 34, appellee established

26—104 ILL.

no title whatever. They admit this land was included in the deed from Miller and wife to Alexander H. Keith, but insist it is not shown that Miller had any title, and also that the deed from Miller and wife was not properly acknowledged. There is no controversy but that Alexander H. Keith conveyed this land, as well as the other, to Bowen Keith, and that Bowen Keith took possession, and has retained possession thereof since March, 1860. We have held that the visible and exclusive appropriation and use of a tract of land, claiming the whole under color of title, or a deed purporting to convey the whole, is, in law, an actual possession of the entire tract, except so far as adverse possession may exist. (*Brooks* v. *Bruyn*, 18 Ill. 539; *Hardisty* v. *Glenn*, 32 id. 62; *Bowman* v. *Wettig*, 39 id. 417.) Prior possession alone is evidence of a fee, and although the lowest, until rebutted by a higher it must prevail. (*Herbert* v. *Herbert*, Breese, 354; *Mason* v. *Park*, 3 Scam. 532; *Brooks* v. *Bruyn, supra; Watts* v. *Parker*, 27 Ill. 228; *Barger* v. *Hobbs*, 67 id. 592.) Therefore, as between appellant Bowen Keith, and appellant John Keith, the latter having shown no title or right of possession whatever, the title of the former was, before the sheriff's sale, sufficient to prevail in an action brought for a disturbance to his prior possession; and by virtue of her deed under the sheriff's sale, appellee came into exactly such estate as Bowen Keith theretofore had, and he can not, in this suit, dispute her title. *Gould et al.* v. *Hendrickson*, 96 Ill. 599; *Ferguson* v. *Miles*, 3 Gilm. 358.

We see no cause to disturb the judgment below, and it will therefore be affirmed.

*Judgment affirmed.*