### Baltimore & O. S. W. Ry. Co. v. L. D. Higgins.

1. VARIANCES—*In a Description of Land.*—In a suit for damages to land caused by fire started by sparks from a locomotive, giving the name of the township in which the land is situated is needless particularity in the description, and a variance in that regard will not vitiate the judgment where no objection was made on that account.

2. SAME—*In Proving the Name of a Railroad Company.*—It is common practice to designate railroads by initials or short names, and in a suit against a railroad company, if the name in common use be employed by the witnesses, it can not be objected on appeal that the name of the company was not proved as alleged. Such an objection should be made on the trial.

3. EVIDENCE—*Of Ownership of Land.*—Possession of land for twelve or fifteen years is sufficient evidence of ownership in a suit against a wrongdoer for damages thereto, and the introduction of a deed conveying a half·interest in the land to the plaintiff does not vitiate such evidence.

4. NON-JOINDER—*When it Must be Plead in Abatement.*—In actions for torts the non-joinder of persons interested with the plaintiff must be plead in abatement and can not be taken advantage of on the trial otherwise than in mitigation of damages.

5. INSTRUCTIONS—*Harmless Inaccuracies.*—A court of appeal will not reverse a judgment for inaccuracies in instructions when it is plain that under the evidence such inaccuracies could have done no harm.

**Trespass on the Case,** for damages caused by fire set by sparks from an engine. Appeal from Circuit Court of Christian County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

DRENNAN & LESTER and HOGAN & DRENNAN, attorneys for appellant.

SHARROCK & SHAMEL, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment against the appellant for $210, in an action on the case for damage to the hedge fence of appellee, by fire escaping from a locomotive engine to the right of way, which was foul with weeds and dry grass, and thence to the hedge. The first objection is that there is a variance (as to the location of the farm) between the allegation and the proof. The declaration averred the land was in Locust township, Christian county, and one of the witnesses testified it was in Rosemond township. No motion was made to exclude the evidence on the ground of variance. An instruction was asked that if the land mentioned in the declaration was in Rosemond and not in Locust township the jury should find for defendant, which the court refused.

It does not appear that the attention of the court or of the plaintiff was directed to this variance and probably it was not. Had this been done the objection, if any, could and no doubt would have been obviated. From an examination of the official railroad map it would seem that the land must be in Locust township, as the line of the railroad crosses the extreme northeast corner of Rosemond township at the southeast corner of Locust and then runs diagonally through the latter. Either the witness was mistaken or the stenographer misunderstood him, if this be the case. At any rate the matter did not attract the attention of court or

counsel and under such circumstances we are not disposed to reverse for that cause. Giving the township was needless particularity in the description, and the variance is too trivial a matter to vitiate the judgment, especially in view of the fact that no objection was openly made on that account.

The next objection is that the name of defendant company was not proved as alleged. The witnesses spoke of it as the Baltimore & Ohio, or the B. & O., and one of them as the O. & M. It is habitual to designate railroads by initials or some short name. This is so in common conversation, as well as in the official advertisements of the railroad companies. It is a matter of common knowledge that the letters O. &. M., referring to a railroad, designate the Ohio & Mississippi, which has been succeeded by the Baltimore & Ohio Southwestern, the latter being generally designated by letters B. & O., or B. & O. S. W. In this instance the stations Millersville and Owanico, were also mentioned as to the location of the railroad, so that no question as to its identity was possible. But were this not so, when the road was mentioned by initials, both sides evidently knew what was meant, and if counsel for the defendant desired any further identification or designation, some objection should have been made at the time.

It is next urged that the ownership of the land was not proved as alleged. The plaintiff first offered in evidence a deed for the undivided one-half of the land. The witness Reed testified that he was occupying the land under a lease from the plaintiff, and had been for twelve or fifteen years. Such possession was enough to show ownership in the plaintiff for the purposes of this case, and while the additional evidence of a deed conveying one-half of the land did not strengthen the title, it did not weaken it. The possession of plaintiff ante-dated the deed and the latter might well have been omitted from the proof. Herbert v. Herbert, Breese R. 354; Keith v. Keith, 104 Ill. 397; Adams on Ejectment, 4th Ed., 137–324 2 Gr. Ev., Sec. 309.

Assuming the evidence showed that the plaintiff owned

only half of the land, the defendant asked the court to instruct the jury that unless the plaintiff was the sole owner, the verdict should be for defendant, which the court properly declined to do. In actions for torts the non-joinder of persons interested with the plaintiff must be pleaded in abatement, and can not be taken advantage of on the trial otherwise than in mitigation of damages. Edwards v. Hill, 11 Ill. 22; Johnson v. Richardson, 17 Ill. 302; 1 Ch. Pl. 66.

If defendant desired to insist upon the fact that the plaintiff was not the sole owner the proper course was to urge a reduction of the damages. It was competent for the defense to attack the *prima facie* case of ownership made out by proof of possession, but this was not attempted. We think this objection must be overruled.

It is next objected that the proof fails to show the fire originated on the right of way, as alleged in the declaration. The witness Withem was waiting for the train to pass, and immediately after it passed he saw the fire within five or six feet of the ends of the ties. He tried to put it out but failed and it spread to the hedge. The right of way is fifty feet in width, the track being in the centre. This proof, which is not contradicted, sufficiently supports the allegation as to the point where the fire began.

It is next urged that the damages are excessive. According to one witness at least 150 rods were wholly destroyed. Another said 160 rods. Another fixed the amount wholly destroyed at 190 rods, and in addition there were some portions more or less injured.

The part so destroyed was worth one dollar per rod. The whole string of 230 rods was practically useless for the purpose of a fence. The attorney fees were shown to be worth $35, which, being deducted from the amount of the verdict, leaves $175 for the damage to the hedge, which is quite within the range of the proofs.

We have found the abstract not very satisfactory as to details and have examined the record. After a careful reading of the testimony it is apparent the verdict is supported upon all points. The defendant offered no proof.

The court properly denied the motion to withdraw the case from the jury and properly refused the motion for new trial. Objection is taken to the first instruction for plaintiff because it informs the jury that defendant was liable if fire escaped from the engine, whether this was the cause of the injury or not. Upon reading the instruction we hardly consider this a fair criticism, but as the evidence clearly showed that the injury did result from fire escaping from the engine to the right of way, which was foul with dry weeds and grass, the point is not important.

An objection urged to the third instruction for the plaintiff is, that it assumes there was damage, which may be answered the same way.

No substantial error appears in the record, and the judgment must be affirmed.