EDWIN A. CASEY *et al.*

*v.*

CHARLES A. KIMMEL.

*Opinion filed October 13, 1899.*

1. TRIAL—*right of court to permit amendment of declaration on motion in arrest—parties.* The court may properly, upon the hearing of a motion in arrest of judgment, permit the plaintiff to amend his declaration so as to include as defendants parties whose names had been omitted by mistake from a prior amended declaration but who appeared and defended the action.

2. EVIDENCE—*proof that grantee's grantors were in possession raises a presumption of title in him.* Evidence that a grantee's predecessors in title were, when they conveyed the property, in possession under a claim of ownership, and that the grantee took possession under the conveyance to him, raises a presumption of title in him.

3. EJECTMENT—*trespasser cannot set up outstanding title in stranger.* A mere trespasser cannot, in an ejectment suit brought against him, set up an outstanding title in a third person.

4. SAME—*facts under which ejectment may be maintained.* One who derives title from an occupant of land claiming ownership and takes possession of the property, which he leases to a tenant, may maintain ejectment against trespassers who entered upon the premises as vacant and abandoned.

APPEAL from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

WINSLOW EVANS, and JACK & TICHENOR, for appellants:

Before a plaintiff can establish a title by conveyance from an immediate or remote grantor, based on the prior possession and claim of ownership of such grantor, he must show that such immediate or remote grantor was in possession of the premises in dispute, claiming to own the same, at the time he made the conveyance through which plaintiff claims. *Anderson* v. *McCormick,* 129 Ill. 316.

While prior possession amounting to a visible and exclusive appropriation and use of a tract of land by a person claiming to own the same is evidence of a fee, it is the lowest possible. *Keith* v. *Keith,* 104 Ill. 397.

The possession to raise a presumption of ownership . in fee must be actual, open, notorious and adverse. *Jackson* v. *Town*, 4 Cow. 602; 2 Blackstone's Com. 196; *Keith* v. *Keith*, 104 Ill. 397.

The plaintiff must recover on the strength of his own title. The defendant can rely on his possession in entire safety, and unless the plaintiff shows a good title the defendant cannot be disturbed in such possession, no matter whether he has title or is a mere intruder and trespasser. *Hague* v. *Porter*, 45 Ill. 318.

CHAS. A. KIMMEL, and PHILIP E. MANN, for appellee:

Prior possession alone is evidence of a fee sufficient as against a mere intruder. *Keith* v. *Keith*, 104 Ill. 339.

In actions of ejectment, and trespass for injuries to the inheritance by a person claiming title in fee simple, proof of actual possession is presumptive evidence of title in him to that extent, and throws upon the party contesting his title the burthen of rebutting the presumption thus raised. *Mason* v. *Park*, 3 Scam. 532; *Bowman* v. *Wettig*, 39 Ill. 416; *Dills* v. *Hubbard*, 17 id. 241; *Bank* v. *Goddard*, 23 id. 607; *Coombs* v. *Hertig*, 162 id. 171; *Harland* v. *Eastman*, 119 id. 22.

In actions of ejectment proof of possession of land by a party claiming to be the owner in fee is *prima facie* evidence of his ownership and seizin of the inheritance. *Anderson* v. *McCormick*, 129 Ill. 308.

The direction by the court to the jury was proper because plaintiff had made out a case by *prima facie* proof, and, there being no defense and no rebutting evidence, his right to a verdict followed as matter of law. *Cothran* v. *Ellis*, 125 Ill. 496; Andrews' Practice in Sup. Ct. Ill. 186.

Mr. JUSTICE CARTER delivered the opinion of the court:

In October, 1897, appellee brought ejectment against Casey and others to recover the south half of the north half of the north-west quarter of the north-west quarter

of section 22, township 9, north,—a ten-acre tract of land in Peoria county. Later, by amendments, the parties defendant were changed, except as to Casey, and after the evidence was heard on the last trial the plaintiff dismissed as to James M. Morse, who had been made a defendant, and the court then instructed the jury to find the defendants, Casey and Oglesby, guilty, etc. Motions for a new trial and in arrest of judgment were overruled, and said last named defendants appealed.

It seems that the last amended declaration named only Morse as defendant, but the cause was tried and defended by appellants, and, their names having been omitted from the declaration by mistake, the court, during the hearing of the motion in arrest of judgment, permitted the plaintiff to amend his declaration so as to include them of record as defendants. There was no error in allowing this amendment.

But it is contended that the court erred in directing a verdict for the plaintiff. The plaintiff's title was derived by *mesne* conveyances from Moses Stringer, who settled upon the quarter section containing the ten acres in controversy in 1838, but owing to a defect in the proof the plaintiff was unable to connect him with the patent title. The evidence showed, however, that he lived upon and improved a part of the quarter section for many years, and tended to prove that he claimed to own it, but there was no evidence, specifically applicable to the tract in controversy, that Stringer improved it, claimed to own it or exercised any acts of ownership over it, except that it was a part of the quarter section the south half of which he improved, and that he sold and conveyed it, having made the first conveyance in 1851, in the chain of title which ended in the plaintiff in 1890. Being unable to trace his title beyond Stringer, the plaintiff, to make a *prima facie* case, sought to prove, first, that when said Stringer conveyed this tract he was in possession claiming to own it; second, that other intermediate grantors,

when they conveyed, were in possession claiming to own
it; and finally, that he entered into possession of the
same property under his deed in 1890, and held posses-
sion of the same until appellants intruded and took pos-
session, in 1895. If the plaintiff succeeded in proving
either of the propositions mentioned he thereby estab-
lished a *prima facie.* case and was entitled to judgment,
unless the presumption thus raised in his favor was over-
come by the defendants. (*Anderson* v. *McCormick,* 129 Ill.
308; *Barger* v. *Hobbs,* 67 id. 592; *Herbert* v. *Herbert,* Breese,
354; *Mason* v. *Park,* 3 Scam. 532; *Keith* v. *Keith,* 104 Ill. 397;
*DeWitt* v. *Bradbury,* 94 id. 446; *Bowman* v. *Wettig,* 39 id. 416;
*Metropolitan Bank* v. *Godfrey,* 23 id. 579; *Coombs* v. *Hertig,*
162 id. 171; *Harland* v. *Eastman,* 119 id. 22.) Appellants
had no title whatever, but claimed that the land was
vacant and unoccupied, had been abandoned, and that
they were entitled to hold it against the plaintiff,—first,
because he had failed to prove title in himself; and sec-
ond, because they had proved title in fee in a third per-
son. They did not claim under nor connect themselves
with the title of such third person in any way. Being
mere trespassers and without title appellants could not
set up an outstanding title in another. *Anderson* v. *Gray,*
134 Ill. 550.

Without considering whether or not the possession of
Moses Stringer was sufficiently proved, we are of the
opinion that the evidence showed that Lowell Harrison,
a subsequent grantor in appellee's chain of title, was, at
the time he conveyed, in possession and claiming to own
the land; also, that after appellee purchased, in 1890, he
leased it to one Schwartz for a period of five years end-
ing January, 1896; that Schwartz took possession as ap-
pellee's tenant and cultivated a part of the ground, and
then, with the consent of appellee, assigned the lease to
one Gilbert, who laid out the tract into lots, with streets
running through it, and put up signs showing the names
of the streets, and that appellee's possession was thus

established. There were remnants of an old fence on the land. In July, 1895, Morse, with a force of men, went upon the premises and built a wire fence, and soon after Casey took possession and leased to Oglesby,—whether by the connivance of Morse does not appear, but, in any event, without any right whatever, so far as the evidence disclosed. We are of the opinion that under this state of the proof appellee was entitled to a verdict in his favor, and that any other verdict would necessarily have been set aside.

The instruction to find for the plaintiff was properly given, and the judgment must be affirmed.

*Judgment affirmed.*