LOUIS LIVINGSTON, Defendant in Error, *vs.* HONORAH
MOORE, Plaintiff in Error.

*Opinion filed December 21, 1911.*

1. APPEALS AND ERRORS—*entire record is open for review on a
writ of error.* Whether the trial court erred in declining to grant
an appeal from a certain order denying a motion for new trial need
not be determined when the case is subsequently brought up on
writ of error, as every question is open for review on writ of er-
ror which could have been raised on the record on the appeal.

2. EJECTMENT—*what sufficient to establish title in purchaser at
execution sale.* In an action of ejectment by the purchaser at the
execution sale against the defendant in execution it is not neces-
sary that the plaintiff show title from the government or from a
common source with the defendant, but it is sufficient if he shows
a valid judgment and execution and a sheriff's deed to himself, as
he thereby establishes in himself whatever title the defendant had.

3. JUDICIAL SALES—*neglect of sheriff to pay $1000 to defend-
ant for a homestead estate does not invalidate sale.* Where indi-
visible homestead premises worth more than $1000 are sold on
execution the statute makes it the duty of the sheriff to pay over
to the execution defendant the $1000 for her homestead estate,
and if the execution plaintiff pays over the money to the sheriff for
the defendant the sale is not invalidated nor the plaintiff's right
to a deed affected by the fact that the defendant may have refused
to accept the money or the sheriff neglected to pay the money to
the defendant until after the plaintiff had begun an ejectment suit.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. SAMUEL C. STOUGH, Judge, presiding.

This was an action of ejectment commenced by the de-
fendant in error in the circuit court of Cook county against
the plaintiff in error to recover in fee certain premises situ-
ated in the city of Chicago. The general issue was pleaded,
and upon the cause being called for trial the defendant
failed to appear in person or by attorney, and the issues
having been submitted to a jury, a verdict was returned in
favor of the plaintiff, upon which verdict the court ren-
dered judgment. Thereupon the defendant moved the court

to set aside the judgment and to grant a new trial, which motion was overruled, and the defendant has sued out this writ of error to review the action of the trial court in denying said motion.

The plaintiff, to show title in himself, offered in evidence a judgment of the circuit court of Cook county in his favor, against the defendant, for the sum of $1864.40, and an execution issued thereon by the clerk of the said court to the sheriff of Cook county. The return showed that said execution had been levied upon the premises described in the declaration; that the sheriff had duly advertised said premises for sale under said execution; that the plaintiff had purchased said premises at such sheriff's sale for the sum of $1978.51, and that a sheriff's deed was executed to the plaintiff after the period of redemption had expired. It also appeared from the return of the sheriff that the premises were the homestead of the defendant; that the sheriff caused the same to be appraised by commissioners, who reported the same were worth more than $1000 and that they were not susceptible of division, and that they were of the value of $7500; that the sheriff thereafter delivered a copy of said appraisement to the defendant, with a notice thereto attached that unless the defendant should pay to him the surplus over and above $1000 on the amount due on said execution within sixty days thereafter, said premises would be sold by him to satisfy said execution. The appraisement was had, and a copy thereof, with the notice aforesaid, was served on the defendant sixty days prior to the sale of the said premises to satisfy said execution. It further appears that after the payment of the costs and expenses of sale the sheriff reported that he paid the amount remaining in his hands to the attorney of the plaintiff in full satisfaction of said execution, and that the plaintiff, by his attorney, paid to the sheriff the sum of $1000 in cash with which to pay and satisfy the homestead right of said defendant in said premises.

L. H. CRAIG, for plaintiff in error.

RICHARD H. PETERSON, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

The defendant prayed an appeal from the order of the court overruling her motion to set aside the judgment and grant a new trial, which prayer for an appeal was denied, and the action of the court in that regard has been assigned as error.  The defendant had made a motion to set aside the judgment and grant a new trial at an earlier day of the term, based on different grounds from the motion the overruling of which was sought to be reviewed by appeal, and it seems to have been the view of the trial court that if the defendant desired to review its action in refusing to set aside the judgment and grant a new trial an appeal should have been prosecuted from the order of the court in overruling the first motion, and for that reason declined to grant an appeal from the order overruling the second motion.  Whether the court erred in declining to grant the defendant an appeal from its second order overruling the motion to set aside the judgment and grant a new trial need not be now determined, as the entire record is now before us for review upon this writ of error, and every question has been raised upon this record which could have been raised by the defendant had an appeal from said order been granted.

It is next contended that the court erred in rendering judgment against the defendant, as it is said the plaintiff did not show a connected chain of title in himself from the general government or from a common source of title with the defendant.  It was not necessary that the plaintiff show a connected chain of title in himself from the general government or from a common source of title with the defendant, as the rule is well settled in this State that where the purchaser at an execution sale in an action of ejectment

against the defendant in execution shows a valid judgment and execution and a sheriff's deed to himself, he has established title in himself to whatever title the defendant had in the premises. (*Ferguson* v. *Miles,* 3 Gilm. 358; *Hayes* v. *Bernard,* 38 Ill. 297; *Osgood* v. *Blackmore,* 59 id. 261.) In the *Ferguson case,* on page 365, it was said: "The law is, that in an action of ejectment instituted by the purchaser at a sheriff's sale against the defendant in the execution the defendant cannot controvert the title. The plaintiff is only required to produce the judgment, execution and sheriff's deed." In *Hayes* v. *Bernard, supra,* on page 301: "It is the general rule, when a defendant in execution, when land has been sold thereunder, is sued in ejectment by the purchaser under the execution to recover the possession, he cannot dispute the plaintiff's title. The books are full of cases conceding this proposition. (*Ferguson* v. *Miles,* 3 Gilm. 358; *Jackson ex dem.* v. *Graham,* 3 Caines, 188; *Cheny* v. *Denn,* 8 Blackford, 552.) The doctrine of all the cases on this point is, that the purchaser comes into exactly such estate as the debtor had, and if it was a tenancy the plaintiff will be tenant also, and estopped in a suit by the landlord from disputing his right, in the same manner as the original tenant, who becomes *quasi* tenant at will to the purchaser." In *Osgood* v. *Blackmore, supra,* on page 264: "It is believed to be a rule, without exception, that when a plaintiff in ejectment seeks to recover land against the defendant in execution, or when it becomes necessary to rely on a sheriff's deed as a link in his chain of title, he is only required to produce a judgment, an execution thereon and the sheriff's deed for the premises. This rule is so familiar that it requires no citation of authorities in its support." See, also, *Gould* v. *Hendrickson,* 96 Ill. 599; *Anderson* v. *Gray,* 134 id. 550; *Keith* v. *Keith,* 104 id. 397; *Woods* v. *Soucy,* 184 id. 568.

It is finally contended that the sheriff's sale was invalid because the sheriff did not pay to the defendant $1000 as

and for her homestead in said premises out of the proceeds of said sale. The statute is as follows: "In case the value of the premises shall, in the opinion of said commissioners, be more than $1000, and cannot be divided as is provided for in this act, they shall make and sign an appraisal of the value thereof, and deliver the same to the officer, who shall deliver a copy thereof to the execution debtor, or to someone of the family of suitable age to understand the nature thereof, with a notice thereto attached that unless the execution debtor shall pay to said officer the surplus over and above $1000 on the amount due on said execution, within sixty days thereafter, that such premises will be sold." (Hurd's Stat. 1909, chap. 52, sec. 11.) "In case such surplus, or the amount due on said execution, shall not be paid within the sixty days, the officer may advertise and sell the said premises, and out of the proceeds of such sale pay to such execution debtor the said sum of $1000, and apply the balance on said execution." (Ibid. sec. 12.) The amount was paid to the sheriff by the plaintiff with which to pay the defendant for her homestead right in the premises, and the fact that the defendant, at the time the ejectment suit was commenced, had not received the money would not defeat the sale under the execution. It is manifest from the terms of the statute the duty devolved upon the sheriff, and not upon the plaintiff in execution, to pay to the execution debtor the $1000 for her homestead, and the neglect of duty by the sheriff or the obstinacy of the defendant in refusing to accept the money could not defeat the sale and deprive the plaintiff of the right to a deed to the premises which would entitle him to possession.

Finding no reversible error in this record the judgment of the circuit court will be affirmed.

*Judgment affirmed.*