SARAH WOODS

*v.*

MARY SOUCY.

*Opinion filed February 19, 1900—Rehearing denied April 11, 1900.*

1. EVIDENCE—*deed to lessee of commons is prima facie evidence of lease.* Under section 6 of the act of 1873-74, (Laws of 1873-74, p. 67,) providing for the sale by municipalities of commons theretofore leased, a deed made in conformity therewith is *prima facie* evidence that the grantee had a lease which entitled him to a deed from the supervisor conveying a fee simple title.

2. SAME—*what does not sustain defense of prior outstanding title in a third party.* A defense of a prior outstanding title in a third person, consisting of an alleged ninety-nine year lease, is not made out by secondary evidence in the form of a will and deed of assignment transferring such person's interest in the property, which refer to the existence of a lease as the ground of her interest but which do not recite its contents or terms.

3. EJECTMENT—*when defendants are estopped to dispute the plaintiff's title.* In ejectment against a mortgagor by the mortgagee, who has regularly acquired the property on foreclosure, the mortgagor is estopped to dispute plaintiff's title; nor can the wife of the mortgagor dispute such title in the absence of any independent title in her other than that held by her husband.

4. MORTGAGES—*mortgagor's possession after foreclosure is in subordination to mortgagee.* Possession by a mortgagor after foreclosure is in subordination to the rights of the mortgagee in whose favor the decree was rendered.

APPEAL from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

This is an action of ejectment, brought December 30, 1890, by the appellee, Mary Soucy, against the appellant, Sarah Woods, and her husband, Lewis Woods, for the recovery of lots 1 and 2 of a subdivision of lot 3 of the Cahokia commons in St. Clair county. Lewis Woods pleaded disclaiming possession, and the suit was dismissed as to him. The appellant, Sarah Woods, pleaded the general issue. The case has been before this court before, and is reported as *Woods* v. *Soucy,* 166 Ill. 407,

where the chief contention was as to the sufficiency of the notice given by appellee to work a forfeiture of the alleged lease then set up by the appellant.  The cause was again tried at the April term, 1899, and resulted in verdict and judgment for appellee.  The present appeal is from the judgment so entered.

The court, at the instance of the appellee, gave the following instruction to the jury:  "The court instructs you that the plaintiff is entitled to recover.  You will, therefore, without leaving your seats, return the following verdict:  'We, the jury, find the defendant, Sarah Woods, guilty of unlawfully withholding from the plaintiff the possession of the premises described in the declaration, and that the plaintiff is entitled to an estate in fee simple therein;'" to the giving of which instruction the defendant then and there excepted.

Upon the trial below, the common source of title was admitted to be in the inhabitants of the village of Cahokia.  Appellee introduced in evidence a lease from Clovis Soucy, supervisor of Cahokia, to Frank Bowman, made on March 22, 1881, conveying, for the term of ninety-nine years, said lot 3, containing two and three-fifths acres; a deed from Clovis Soucy, supervisor as aforesaid, to Frank Bowman, dated May 9, 1881, for the same premises, being a deed in fee simple made under the law of March 21, 1874, allowing villages, which have commons, to dispose of the same; a deed by Frank Bowman and wife to Lewis Woods, dated August 6, 1881, conveying said lots 1 and 2; a mortgage, dated August 6, 1884, made by Lewis Woods to Frank Bowman to secure an indebtedness of $700.00; a decree of the circuit court of St. Clair county of the September term, 1888, in the case of *Mary Soucy* v. *Lewis Woods*, foreclosing said mortgage, and reciting that Mary Soucy was the assignee of the notes and mortgage given to Bowman; and a master's deed, made on May 3, 1890, by the master in chancery of said court to Mary Soucy by virtue of a sale under said decree.

M. MILLARD, and GUSTAVUS A. KOERNER, for appellant.

JAS. M. DILL, and BARTHEL & FARMER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

When this case was before us at a former term, appellee introduced the same chain of evidence, which is set forth in the statement preceding this opinion; and we there held, that she was entitled to recover upon the same against the appellant; it being also held that the lease then and now relied upon by the appellant had been properly forfeited. (*Woods* v. *Soucy*, 166 Ill. 407).

In her original brief filed herein, appellant urges two points only against the right of appellee to recover in this case. The first point is, that the appellee did not make out a *prima facie* case. This contention is based upon the alleged ground, that the original lease from Soucy, the supervisor of Cahokia, to Bowman, made on March 22, 1881, was invalid, as being prohibited by the act of February 18, 1857, entitled "An act to amend an act entitled 'An act to authorize the supervisor of the village of Cahokia to lease part of the commons appertaining to said village,' approved February 17, 1841." The second proviso of section 1 of said act of 1857 provided "that the lot or lots shall be so let or leased for a less sum per acre than the average price at which the other parts of said commons are leased." (Laws of Ill. 1857, p. 1203). Appellant's claim is, that the supervisor was prohibited by this act from making leases otherwise than to the highest bidder, unless he secured the average rent per acre of other common grounds already leased, and that it does not here formally appear that he did so secure said average rent. (*Tamm* v. *Lavalle*, 92 Ill. 263).

It may be said in reply to this point, that the appellant made no objection to the lease to Bowman when it was introduced in evidence by the appellee. Appellant

did not then claim, that the lease was not admissible for the reason now set forth. But, in addition to this, an act was passed on March 21, 1874, to enable towns and villages having more than 40,000 inhabitants, etc., having commons, to dispose of the same. Section 5 of the act of 1874 provides, that, if at the election therein mentioned, three-fourths of the votes cast shall be in favor of selling said commons, "then any person or persons, entitled to any portion of said commons by virtue of existing leases, shall have the right to acquire a fee simple title to such portion by paying therefor to the officer or officers, who has or have by law power to make leases, a sum of money," etc. (Laws of Ill. 1873-74, p. 67). Section 6 of the act of 1874 is as follows: "All deeds necessary for the purpose of conveying the absolute title to commons under this act shall be made by the officer or officers now by law authorized to make leases to commons in the respective towns or villages. All such deeds so made shall be *prima facie* evidence of title, and that the provisions of this act have been complied with." (*Rutz* v. *Kehn*, 143 Ill. 558). The deed from Soucy, supervisor, to Bowman, made on May 9, 1881, recites that the election above referred to was held, and that the required number of votes was cast as required by the law, and that said Bowman was entitled to said lot 3 by virtue of an existing lease; and that the supervisor was the officer, who was authorized by law to make leases to commons in said village. Under section 6, this deed, which was admitted in evidence without objection, was *prima facie* evidence of appellee's title. It was also *prima facie* evidence of the fact, that the provisions of the act of 1874 had been complied with. One of these provisions was, that the fee simple title could be acquired by a person entitled to any portion of said commons by virtue of an existing lease. The deed, therefore, was *prima facie* evidence, that Bowman had a lease, which entitled him to a deed from the supervisor conveying a fee simple title.

We are, therefore, of the opinion that the objection to appellee's title for the reason above stated is not tenable.

The second point, made against the right of appellee's recovery in this case, is the alleged existence of an outstanding lease earlier in date than the lease made to Bowman in 1881. Appellant claims that, on June 28, 1841, one Lecompt, then supervisor of Cahokia, executed a lease to one Mary Hill of said lot 3 for ninety-nine years. If the existence of any such lease had been established, it is not shown that appellant was connected with it, or held under it, or had any right to invoke it as evidence of any title in herself. But the doctrine is invoked that a defendant in ejectment has a right to show title out of the plaintiff, or a right of possession in a third person, and thus defeat a recovery; and this court has decided, that a lease of land for ninety-nine years under seal and acknowledged and recorded in the same manner as deeds are required to be, may be shown in evidence by the defendant in ejectment, though he does not connect himself with it, so as thus to defeat an action brought by the lessor. (*Cobb* v. *Lavalle*, 89 Ill. 331).

The trouble with the position of appellant in regard to the alleged lease of June 28, 1841, is that the existence of any such lease was not established by the proof. Appellant introduced in evidence the will of Mary Hayes (formerly Mary Hill), dated and admitted to probate in 1851, and also a deed of assignment, dated January 11, 1842, executed by Mary Hill to one James McLaughlin, assigning and conveying her interest in said lot 3, and reciting therein that said lot had been leased to her by Lecompt June 28, 1841. The original lease, however, from Lecompt to Mary Hill was not produced, nor was any proof introduced to show the loss of such original lease, if it had existed. The proof of its existence consisted merely of secondary evidence, to-wit, the reference to it in the deed of assignment to McLaughlin, and the will of Mary Hayes, and other papers. Proof of this

character was objected to by the appellee upon the ground that it was not the best evidence of the existence of the lease. The court permitted the documents thus offered to come in, subject to the right of appellant to make them competent by subsequent proof, if she could do so. She did not, however, subsequently show the existence of the original lease, nor its loss. The documents, so introduced by the appellant, did not state the contents of the lease, but merely referred to the fact that there had been such a lease.

The objection made by the appellee to the introduction of such secondary evidence was finally sustained by the court when the jury were instructed to find for the plaintiff below. Inasmuch, therefore, as there was no proper evidence, establishing the existence of any outstanding lease prior in date to the lease made to Bowman under which appellee holds, appellant showed no title out of the appellee, nor any right of possession in a third person, which was sufficient to defeat a recovery.

Lewis Woods, who took the deed from Bowman, and executed a mortgage to Bowman, was the husband of appellant. Lewis Woods was estopped from making any defense against the title of appellee, acquired through foreclosure of this mortgage, inasmuch as he did not restore the possession, which he acquired under the deed from Bowman. Where land is sold under an execution, or at a foreclosure sale, the defendant in the execution, or the mortgagor in the foreclosure proceeding, cannot dispute the plaintiff's or complainant's title thereunder, when such defendant is sued in ejectment by the purchaser under the execution or at the mortgage sale. (*Hayes* v. *Bernard*, 38 Ill. 297; *Gould* v. *Hendrickson*, 96 id. 599; *Keith* v. *Keith*, 104 id. 397; *Anderson* v. *Gray*, 134 id. 550; *Harms* v. *Coryell*, 177 id. 496).

When the appellee acquired her title under the master's deed, executed May 3, 1890, Lewis Woods was in possession of the premises, and remained in possession

for at least a year thereafter. He held his possession in subordination to appellee, in whose favor the foreclosure decree was rendered. (*Harms* v. *Coryell, supra*). The appellant, Mary Woods, was the wife of Lewis Woods, and her possession was merely the possession of her husband. He was the head of the family. So far as this record shows, she had no independent title outside of the title which her husband held, and which was divested by the foreclosure. Under the circumstances, therefore, she is as much estopped from defending against the title acquired under the foreclosure as her husband would be, if the suit below had not been dismissed as to him, and he had been the main defendant.

For the reasons above stated, we are of the opinion that the judgment of the court below was right, and that it committed no error in instructing the jury for the appellee. Accordingly, the judgment of the circuit court is affirmed.