FRANCIS X. NAUGHTON, Plaintiff in Error, *vs.* MARY SOUCY, Defendant in Error.

*Opinion filed April 21, 1910—Rehearing denied June 8, 1910.*

1. EVIDENCE—*when copy of a notice to quit is admissible in ejectment.* A true copy of a notice to quit is properly admitted in evidence in an ejectment suit, where the attorney for the party offering it testifies that he has had the original notice in his possession and that it was used in evidence in a former trial of the case but that it has been mislaid or lost, and that he has searched for it in his office and among the files in the court house and has been unable to find it.

2. COMMONS OF CAHOKIA—*it is the deed, not the lease, that is prima facie evidence under act of 1874.* It is the deed made by a supervisor of the village of Cahokia to the holder of a lease on the land which by the act of 1874 is made *prima facie* evidence that the grantee has a valid lease and has complied with the provisions of the act of 1874.

3. EJECTMENT—*presumption where parties claim under different deeds to same lot in commons of Cahokia.* Where a lease on a lot in the commons of Cahokia was forfeited by a supervisor for non-payment of rent and a new lease was made to a different lessee, who subsequently acquired a supervisor's deed to the lot, such deed will be presumed to be valid as against a later deed made by another supervisor to an assignee of the forfeited lease, unless it is shown that the rent was paid on the forfeited lease up to and including the date of the new lease, which would render the forfeiture, and the new lease and deed based thereon, invalid.

WRIT OF ERROR to the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding.

L. O. WHITNEL, for plaintiff in error.

JAMES M. DILL, and W. P. LAUNTZ, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of ejectment commenced in the city court of East St. Louis by the plaintiff in error, Francis X. Naughton, against the defendant in error, Mary Soucy,

for the recovery in fee of lots 1 and 2 of a subdivision of lot 3 of the Cahokia commons, in St. Clair county. The general issue was filed and a jury was waived and a trial was had before the court, which resulted in a finding and judgment in favor of the defendant, and the plaintiff has sued out a writ of error from this court to review the judgment of said city court.

Numerous propositions of law submitted by the respective parties were held and refused as the law of the case by the court.

In the trial court the common source of title was admitted to be in the inhabitants of the village of Cahokia. The plaintiff introduced in evidence, to show title in himself, a lease for said premises bearing date June 28, 1841, from Isadore LeCompt, supervisor of the village of Cahokia, to Mary Hill, for ninety-nine years, executed under the provisions of the act of 1841, and certain assignments of said lease; a deed for said premises bearing date April 21, 1900, from C. W. Droit, supervisor of the village of Cahokia, to Peter F. Sullivan, executed under the provisions of the act of 1874, and a deed from Sullivan and wife for said premises to the plaintiff, bearing date February 17, 1902. The defendant, to show title in herself, introduced in evidence a lease for said premises from Clovis Soucy, supervisor of the village of Cahokia, to Frank Bowman, bearing date March 22, 1881, for ninety-nine years, executed under the provisions of the act of 1841; a deed for said premises from Clovis Soucy, supervisor of the village of Cahokia, to Frank Bowman, bearing date May 9, 1881, executed under the provisions of the act of 1874; a deed for said premises from Frank Bowman and wife to Lewis Woods, dated August 6, 1884; a mortgage bearing date August 6, 1884, made by Lewis Woods to Frank Bowman upon said premises to secure an indebtedness of $700; a decree of the circuit court of St. Clair county of the September term, 1888, in the case of Mary

Soucy against Lewis Woods, foreclosing said mortgage, which decree recited that Mary Soucy was the assignee of the notes and mortgage given by Lewis Woods to Frank Bowman, and a master's deed made on May 3, 1890, by the master in chancery of said court, to Mary Soucy, issued upon the sale under said foreclosure decree. The defendant also introduced in evidence a notice to quit, which had been served upon the party in possession of said premises under the Hill lease, on March 11, 1881.

It is contended the original notice to quit was not introduced in evidence but a copy, and that no proper foundation was laid for the introduction of a copy. The attorney for the defendant in error testified that he had the original notice in his possession, and it was used in evidence on some one of the former trials relative to the title to said premises; that the original had been mislaid or lost, and, while he had searched for the same at his office and among the files at the court house, he was unable to find said original notice. The copy of the notice introduced in evidence was identical with the notice set out on page 411 of the case of *Woods* v. *Soucy,* 166 Ill. 407, which case involved an adjudication upon the title to the premises here involved, and there can be no question but that the copy introduced in evidence was a true copy of the original notice. There was no error in permitting said copy to be introduced in evidence.

It appears from the foregoing facts that two deeds for the premises in question have been made by different supervisors of the village of Cahokia under the provisions of the act of 1874,—one to Frank Bowman, bearing date May 9, 1881, and one to Peter F. Sullivan, bearing date April 21, 1900,—each of which deeds is a material link in the chains of title of the respective parties to this controversy. The act of 1841 provided for the platting and leasing of the Cahokia commons and the act of 1874 for the sale of said commons. Section 5 of the act of 1874

provides that any person or persons entitled to any portion of said commons by virtue of existing leases shall have the right to acquire a fee simple title to said portion by paying therefor to the officer or officers who has or have by law power to make leases, a certain specified sum of money, etc.; and section 6 of said act, that "all deeds necessary for the purpose of conveying the absolute title to commons under this act shall be made by the officer or officers now by law authorized to make leases to commons in the respective towns or villages," and that "all such deeds so made shall be *prima facie* evidence of title, and that the provisions of this act have been complied with." It appears that on March 11, 1881, the supervisor of the village of Cahokia caused a notice of forfeiture of the lease on said premises executed to Mary Hill on June 28, 1841, and to quit, to be served upon Sarah Woods, who was then in possession of the said premises claiming to hold under the Mary Hill lease, for the non-payment of rent. If said lease was forfeited on that day then the deed issued to Peter F. Sullivan on April 21, 1900, was void and plaintiff in error cannot recover.

The title of Mary Soucy to the premises in question has been before this court on two former occasions and in each case sustained. (*Woods* v. *Soucy, supra; Woods* v. *Soucy,* 184 Ill. 568.) The plaintiff in that litigation was a person other than the plaintiff in this litigation. The chain of title relied upon, however, by Mary Soucy, was the same chain as is relied upon in this suit, and the defendant in those cases sought to make out title through the Mary Hill lease. In *Woods* v. *Soucy,* 184 Ill. 568, on page 571, this court said: "The deed from Soucy, supervisor, to Bowman, made on May 9, 1881, recites that the election above referred to was held, [that is, the election adopting the act of 1874,] and that the required number of votes was cast as required by the law, and that said Bowman was entitled to said lot 3 by virtue of an exist-

ing lease, and that the supervisor was the officer who was authorized by law to make leases to commons in said village. Under section 6 this deed, which was admitted in evidence without objection, was *prima facie* evidence of appellee's title. It was also *prima facie* evidence of the fact that the provisions of the act of 1874 had been complied with. One of these provisions was, that the fee simple title could be acquired by a person entitled to any portion of said commons by virtue of an existing lease. The deed, therefore, was *prima facie* evidence that Bowman had a lease which entitled him to a deed from the supervisor conveying a fee simple title."

The deed to Bowman, upon which the title of the defendant in error rests, was made by a supervisor of the village of Cahokia prior in point of time to the deed made to Peter F. Sullivan, upon which the title of the plaintiff in error rests, although the Hill lease was executed at a date prior to the date of the Bowman lease. The statute provides a deed from the supervisor of the village of Cahokia, and not a lease from the supervisor of the village of Cahokia, shall be *prima facie* evidence that the grantee had a valid lease and had complied with the law of 1874. The deed to Bowman being prior in point of time to the deed to Sullivan, we think the presumption obtains that the Bowman deed, as against the Sullivan deed, was valid, unless the right of the supervisor of the village of Cahokia to issue a deed to Bowman was in some way rebutted. If it had been shown that the lease to Mary Hill was in full force and effect at the time the lease to Frank Bowman was executed, the lease to Bowman would have been invalid, and his deed, based upon such lease, would also have been invalid. In view of the fact that the Bowman deed antedated the Sullivan deed, to show title in the plaintiff it rested upon him to show that the lease to Mary Hill was in full force and effect at the time the Bowman lease was executed and delivered. If this view is correct, it devolved

upon the plaintiff to show that the rent due under the Hill lease had been paid up to and including March 22, 1881, the date of the Bowman lease. The plaintiff in error failed to make proof of that fact. We therefore are of the opinion the plaintiff in error failed, as against the defendant in error, to show title in himself to said premises by establishing the validity of the Hill lease, which was the basis of the Sullivan deed, through whom he claims title, and which deed was a necessary link in the chain of the title asserted by the plaintiff in error. By the failure to introduce such proof the *prima facie* title of the defendant in error was not overthrown, but the presumption obtains that the deed to Bowman, which antedated the deed to Sullivan by almost twenty years, was a valid conveyance. The Bowman deed, being *prima facie* evidence of title without other proof, was not destroyed by the execution of the Sullivan deed, which was not executed until 1900. It is stated in the opinion in the 166th Illinois, at page 410, that no rent was paid on the Hill lease subsequent to the death of John Short, which occurred in the year 1877. The last payment of rent, as appears from the statement in that case, made upon the Hill lease was made twenty-three years before the date of the deed to Sullivan.

The parties have discussed other questions in their briefs, but as the plaintiff in error has failed to establish such title in himself as will overcome the *prima facie* title in the defendant established by the execution and delivery of the Bowman deed, the question whether the assignments made of the Hill lease were sufficient to transfer title to that lease to Sullivan need not here be considered.

The judgment of the city court of East St. Louis will be affirmed.                    *Judgment affirmed.*